JAMES A. HICKS *against* THE STATE.

APPEAL *from Saline Circuit Court.*

An instrument which in form is a bond with collateral conditions, is no recognizance, though conditioned for the appearance of one of the obligors to answer a criminal charge, and though the Governor is the obligee.

It is neither a recognizance, nor an obligation of record, on which a *sci. fa.* can issue.

In a proceeding by *sci. fa.*, the writ must disclose such facts as in law entitle the plaintiff to have the recovery prayed for by the writ. And on demurrer to a plea in a proceeding by *sci. fa.*, the Court will look back, and inquire into the validity of the writ.

A *sci. fa.* is a judicial writ, founded on some matter of record. It must pursue the terms of the judgment, or other matter of record on which it is founded. If the design is to obtain execution of a judgment or recognizance, there must be a prayer for execution. If the condition of the recognizance is set forth, a breach must be shown.

This was intended to be a proceeding by scire facias against the appellant and one George A. McDaniel, as securities for one Natin, who had been indicted for larceny, in Saline Circuit Court.

It appears by the record, that at August Term, 1839, Natin failed to appear according to his recognizance, and proclamation was made, whereupon it was ordered that a *subpœna* should issue against his securities, returnable to the next term, " commanding them to come forward and show cause, if any they can, why an execution shall not issue against them for the amount of their respective recognizance.

The *subpœna* which issued on this order, is a common writ of summons, by which Natin, Hicks, and McDaniel were ordered to be summoned to appear and answer the State " to a plea of forfeiture of recognizance in the sum of five hundred dollars, the penalty aforesaid, and the amount of the forfeiture aforesaid."

At February Term, 1840, the death of McDaniel was suggested, and a *nol. pros.* entered as to him. Hicks then moved to quash "*the bond,*" which motion was overruled. He then filed two pleas, to the first of which a demurrer was properly sustained. The second was a plea of *nul tiel recognizance,* to which the State replied, and Hicks joined issue. This issue was submitted to the Court; and to prove the affirmative of the issue, the State produced a simple bond, executed by Natin, Hicks, and McDaniel, to James S. Conway, Governor, and

40

his successors in office, in the sum of five hundred dollars, conditioned that if Natin should appear at the next term of Saline Circuit Court, "to answer an indictment to be preferred against him for larceny," and not depart, &c., "then this obligation shall be void, otherwise to remain in full force and virtue." It then concludes: "The obligation upon said Natin, as principal, is for the sum of two hundred and fifty dollars, and upon the said George McDaniel and James Hicks, his securities, two hundred and fifty dollars, jointly and severally." This obligation bears date December 18, 1838.

No other testimony being offered, the Court found that there was such a recognizance as is mentioned in the *scire facias*, (if the writ can be so called), and gave judgment againt Hicks for $250; whereupon, he filed his bill of exceptions, and made the evidence a part of the record, and prayed an appeal.

Pike, for plaintiff in error:

We contend, *First*, That the writ which was the foundation of the proceeding is insufficient, and that no judgment upon it can be sustained;

*Second*, That the bond offered in evidence is not a recognizance; and,

*Third*, That if it were a recognizance, it varies from the recognizance stated in the writ, and therefore does not support the State upon the issue.

As to the first, a *scire facias* is defined to be "a writ judicial, most commonly to call a man to show cause to the Court whence it issues, why execution of judgment passed should not be made out. It is deemed a judicial writ, or action, and is founded on some matter of record, &c., and though it be a judicial writ of execution, yet it is so far in the nature of an original, that the defendant may plead to it, and it is in that respect considered as an action. 6 *Jacobs*, 17; *Co. Lit.*, 290; 2 *T. R.*, 46. It is laid down that a *scire facias* upon a judgment must recite the judgment that was given, and before what judge. *Cro. Eliz.*, 817.

So a scire facias upon a recognizance must pursue the recognizance, 6 *Com. Dig.*, 3 *L.*, 16; and so are all the precedents, 2 *Saund. Pl.*

*& Ev.* 271; 2 *Saund. Rep.* 6 *a.;* and the words *quod scire facias,* &c., are essential; 2 *Saund. R.* 6 *n.* 1.

A writ of *sci. fa.* on a recognizance taken in K. B., recites not only the recognizance, but the condition of it, and the affirmance of the judgment. On a recognizance in C. B., it states the recognizance, and the non-payment of the sum alleged to be due; 2 *Saund. R.* 72 *a., n.* 2; *Tidd,* 400, 399.

The writ in this case has not a solitary feature of a *scire facias;* and there is nothing in our statutes which changes or modifies the common law as to proceedings upon forfeiture of recognizance in criminal cases. It is perfectly manifest, therefore, that the original writ in this case was *fatally defective.*

*Second.* A recognizance is defined to be " an obligation of record, which a man enters into before some court of record, or magistrate duly authorized, with condition to some particular act, as to appear at the assizes, to keep the peace, to pay a debt, or the like;" 5 *Jacobs,* 393. The difference between a bond and a recognizance is defined to be, that the bond is the creation of a fresh debt, or obligation *de novo;* the recognizance is the acknowledgment of a former debt upon the record, the form of which is, that "A. B. doth acknowledge to owe, &c.;" and this being either certified to, or taken by, the officer of some court, is witnessed only by the record of that court, and not by the party's seal: *ib.;* and see 2 *Saund. R.* 72 *n.* 2; 72 *a.* Our own statute, in force when this obligation was executed, has changed the common law only so far as to make the additional provision, that the party entering into recognizance shall himself sign it: *Rev. St.,* 295, sec. 58; and by sec. 47, all recognizances taken by magistrates, are to be certified by the magistrate taking the same. There was therefore no recognizance produced in evidence in this case.

*Third.* The writ calls the defendants to answer a plea of forfeiture of recognizance in the sum of five hundred dollars. By the obligation produced in evidence, Hicks and McDaniel were only bound in the sum of two hundred and fifty dollars. Laying every thing else out of the question, this variance should have determined the issue. Thus, where a *sci. fa.* stated the recognizance as taken in *the Court of Common Pleas,* and the recognizance certified appeared to have been

taken by a Judge at his chambers, and afterwards delivered by him into C. B. to be enrolled, it was held a fatal variance, and a failure of the record: 2 *Salk,* 564, *Shuttle vs. Wood*; 6 *Mod.* 42; *Hall vs. Winkfield, Hob.* 195; *Redman vs. Idle,* 2 *Lutw.* 1287; *Kenny vs. Thornton,* 2 *Black. R.* 768. And such variance cannot be amended after the defendant has pleaded *nul tiel record: Buckson vs. Hoskins,* 1 *Salk.* 52. And see 1 *Wils.* 284; 1 *Burr.* 409; 8 *Taunt.* 171; and these authorities also show the importance of stating the recognizance in the writ.

We do not conceive it necessary to fatigue the Court with a multitude of authorities, as on either point the case presents no difficulty whatever.

CLENDENIN, Atto. Gen., *Contra:*

RINGO, C. J., delivered the opinion of the court:

The record and assignment of errors present two questions: First, Is the scire facias sufficient in law to authorize and sustain the judgment? And, second, Did the Court err in deciding that there is such a recognizance as that mentioned in the scire facias? In disposing of this case, we do not deem it necessary to determine what remedies the State may legally have to enforce a recognizance, regularly and legally entered into, and taken to or for the benefit of the State, with a condition that the same shall be void upon the doing or not doing some act or thing to be done or forborne; or whether the remedies given by the common law have been taken away or modified by the statute in force in this State; and therefore we would be understood as confining our remarks simply to the case before us, and the facts and circumstances presented by it.

Upon an inspection of the instrument on which this proceeding was based, the Court determined that there was such a recognizance as that in the writ mentioned; but upon what principle it was so held, we are wholly unable to discover; for surely no one would attempt to maintain that such an instrument carries with it any of the evidence which in law distinguishes a recognizance from other obligations. The language is not such as is appropriate in a recognizance, nor is

the legal effect and operation the same, but wholly different, both in form and effect, while it bears no intrinsic evidence of the authenticity and legal sanction requisite to impart to it the high obligation of a recognizance; in addition to which, it does not appear to have been made in anywise a matter of record, without which, if it did not differ from a recognizance in other respects, it would not, by the common law, have the force and effect of a recognizance; nor could the recognizee maintain scire facias upon it. *Bac. Abr., Execution,* 330; 2 *Saund. R.* 8 *i. n.* (5); *ib.* 71, *b. in note; Jacob's Law Dictionary, title Recognizance.* And we are not aware of any statutory provision in force in this State, giving to the obligee this remedy, upon such an instrument as the one before us, which, in language and form, is but a common bond with collateral condition, executed without any apparent necessity or legal obligation on the part of either of the obligors to enter into such obligation, for the personal appearance of one of them at a certain time and place, to answer a criminal matter, with which he does not appear at that time to have been in any legal manner charged, and which does not appear to have been taken by any person authorized by law to require or receive such obligation of all or either of the parties by whom it purports to have been executed. It cannot therefore be regarded as a recognizance, nor indeed an obligation of record, the execution of which may be obtained by a writ of *scire facias.* Nevertheless, it may perhaps be obligatory upon the parties by whom it was executed, as a common law bond, not of record, and, as such, might possibly constitute a valid ground of action, and warrant and support a recovery against them. This, however, is not now a question before us, and we would not be understood as even intimating any opinion in regard to it, either the one way or the other. We are, therefore, clearly of the opinion that the evidence adduced did not support the issue on the part of the State, and that the Court erred in deciding that there was such a recognizance as that mentioned in the writ. Having thus shown, as we conceive, satisfactorily, that the evidence adduced on the trial did not support the issue, or warrant the Court in giving judgment against the appellant, we will now proceed to dispose of the questions arising upon the demurrer of the State to his first plea, which, as the appellant abided by and did

James A. Hicks *against* the State.

not waive it, according to the well settled principles of law and rules of practice, involves an inquiry as to the sufficiency of the prior pleading, and, in this case, the validity of the writ, which, in some respects and to some purposes, stands in the place of a declaration. There is no declaration in a proceeding by *scire facias*; and as the defendant is at liberty to plead to it, it must disclose such facts as in law entitle the plaintiff to this particular remedy, but also to have what he prays for in the writ; otherwise, it must be adjudged insufficient, and unless the defects be aided or waived by the defendant, no valid judgment can be pronounced against him upon it. In the present case, no infirmity in the writ is aided or waived by any act of the appellant; consequently, its validity must depend solely upon the facts which it discloses. We have therefore only to ascertain whether it states such facts as show the plaintiff legally entitled to this remedy, and the matter prayed for in the writ. If it does, it is sufficient; otherwise, it is not. A *scire facias*, as known to the common law, is a judicial writ, founded upon some matter of record, as a recognizance, either at common law or by statute, judgment, letters patent, and the like, to enforce the execution of them, or to vacate and set them aside: 2 *Saund.* 71, *n.* (4). And it must pursue the terms of the judgment or other matter of record upon which it is founded: *Panton vs. Hall*, 2 *Salk.* 598; 6 *Jacob's Law Dictionary*, *p.* 23. And if the design of, it is to obtain execution of a judgment or recognizance, there must be a prayer for execution; otherwise, the writ will be insufficient and not amendable: 2 *Saund. b. n.* 2; 2 *Com. Dig. (R. 2)*. And if the condition of the recognizance be set forth, a breach must be shown: 2 *Saund.* 71, *in notes*. It will be seen, at a single glance, that the writ issued in this case does not, in some of its most essential features, conform to the requisitions of the law. For instance, it in no wise appears that the recognizance mentioned is of record in that or any other Court; or that it was acknowledged or entered into before that or any other Court, or before any person authorized by law to take it; or when, or where, or by or before what Court or person it was acknowledged or taken; or that there has been no execution or satisfaction thereof; nor is execution prayed in legal form; but in these, as in some other respects, it is fatally defective, and wholly fails to show in the State

James A. Hicks *against* the State.

any right of action, or right to have execution against the appellant. And therefore we do not think it necessary to inquire into the validity of the plea. As no legal demand of any legal right was made by the State in the writ, the judgment, on the demurrer to the plea, ought to have been in favor of the appellant, without regard to the sufficiency of his plea. The judgment is reversed.