## GRAY *vs*. THE STATE.

A scire facias upon a recognizance of bail in a criminal case is to be regarded as an *original* writ, and as the institution of a new suit.

And therefore, in such suit, proceedings prior to the sci. fa. are no part of the record of such suit, unless made so by some legal means.

The sci. fa. occupies the place of both writ and declaration, and must set forth, with legal certainty all the facts necessary to show a good legal right of action in the plaintiff. If it fails to do this, it will sustain no judgment against the defendant, not even one by default.

No sci. fa. can be maintained, at Common Law, except on some obligation of record; and the obligation must be shown, by the writ itself, to be of record.

If founded on a recognizance, the sci. fa. must state it, either literally or substantially, and show where it was acknowledged; so that it may appear to have been entered into before some court or person authorized to take it.

Upon executing a capias in a bailable criminal case, the sheriff can take a recogniz-
ance of the person arrested, if the sum in which bail is to be taken is endorsed on
the writ: If it is not, he can take only a bond.

If a recognizance is alleged to have been taken on execution of a capias, by the sheriff,
the sci. fa. must show that the sheriff took it, that it was signed by the recognizors,
and that the sum in which bail was to be taken was endorsed on the writ.

If a sci. fa. is defective in these respects, error will lie for refusal to arrest a judgment
by default rendered on it.

THIS was a proceeding by *scire facias*, determined in Hempstead
Circuit Court, in October, 1842, before the Hon. WILLIAM CONWAY
B., one of the circuit judges. A scire facias issued from that court,
on the 27th July, 1842, reciting that on the 27th Nov. 1839, a writ
of capias issued from the same court against James Fort, "on an in-
dictment now pending" in that court for exhibiting a gaming table
commonly called a Faro Bank, returnable to April Term, 1840, di-
rected the to sheriff, and which came to his hands; that on the 27th
Nov. 1839, Fort, with Gray as security, entered into a recognizance
in that cause, in the sum of $300, to be levied, &c., conditioned that
Fort should appear in that court on &c., at &c., and answer the in-
dictment, and not depart &c.; that at that term he was called and
defaulted. The writ then commanded Fort and Gray to be summon-
ed to answer and show cause why judgment should not go.

At the return term, Fort not being served, discontinuance as to him:
Gray defaulted, and judgment against him for $300. Motion in ar-
rest of judgment overruled, and writ of error.

*Trimble*, for plaintiff in error. The sheriff in vacation could not
take bail in the case when there was no order of the court to that
effect endorsed on the capias by the clerk. See *Rev. St. Ark.* 301,
*sections* 105, 106, approved Feb. 13th, and in force 1st March, 1838,
and repeals so much of chapter 140, sec. 13, as authorizes sheriffs to
take bond and security to the State for the appearance of the defendant
at the circuit court, unless the court directs the clerk to endorse on
the writ the amount of bail to be required; which last chapter was
approved Dec. 15, 1837; so that the act of 1838 is the one in force.
The deputy sheriff could not let to bail—that being a judicial act,
*sec.* 106, *p* 301. See *Cons. Ark., Art. III, sec.* 1, 2, *p* 20.

*Robert W. Johnson, Att'y Gen.*, contra.

Gray vs. The State.

*By the Court*, RINGO, C. J. Before we proceed to consider the questions arising upon the record and assignment of errors, we think proper to remark, that in such cases as the present, the scire facias must be regarded as an original writ, and as the institution of a new or original suit, and consequently that no part of the proceedings upon the indictment against Fort, unless made so by some legal means, forms any part of the record of the suit founded on the recognizance. And therefore, as neither the capias, the return thereof; the recognizance, the return thereon endorsed; the alias capias, the return thereof, nor the bond of Fort, has by any means been made parcel of the record of this cause, this court is not at liberty to notice them in its adjudications thereof; notwithstanding they have been improperly copied into the transcript and certified by the clerk as if they in fact were proceedings in this case and formed a part of the record thereof.

The case must therefore be adjudicated simply upon the scire facias and return thereof by the officers to whom it was addressed, the judgment thereupon given by default; the motion in arrest of said judgment and the order of court thereupon made refusing to arrest the judgment.

The first and principal question therefore is this: did the scire facias show a good cause of action in the State against the plaintiff in error? The writ in such case occupies the place of both the declaration and writ in most other forms of remedy, by actions at common law, and therefore it must set forth with sufficient legal certainty all the facts necessary to show a good legal right of action in the plaintiff against the defendants therein named; and if it fails to do this, no valid judgment can be given upon it against the defendant even by default. The duty therefore of ascertaining what facts must in such case be shown to establish a right of action in the State against the plaintiff in error, and his co-recognizor is, in the present case devolved upon this court.

The principle is well established that, at common law, no scire facias can be maintained unless founded on an obligation of record; the obligation therefore to enforce which it is sued out, must in all such cases be shown by the writ itself, to be of record. And the scire

facias, if founded on a recognizance, must pursue the recognizance either literally or substantially, and show in what court or before what officer it was acknowledged; so that it may appear to have been entered into before some authority or person authorized by law to take such obligation. Here the scire facias purports to be founded upon a recognizance; but the scire facias wholly fails to show, by any sufficient averment or allegation, before whom or what authority it was acknowledged, or if it was entered into before the sheriff upon his execution of a writ of capias, founded on an indictment then pending, against one of the recognizors, as from the facts as stated it might probably be inferred that it was, that the amount of bail to be required was endorsed by the clerk on said writ of capias by direction of the court in which the indictment was pending; without which, according to our understanding of the statutory provisions on the subject, the sheriff would possess no power whatever to take a recognizance upon the execution of the capias upon the party indicted; although upon the execution of such capias, where no such endorsement was made upon it, he might well take, from the party upon whom it was executed, a bond with security, under the provisions of the 13th section of the 140th chapter of the Revised Statutes, which enacts that "every sheriff, when executing any writ of capias, in any crimial or penal case, which may by law be bailable, may take from the defendant a bond and security to the State, in any sum not less than one hundred nor more than ten thousand dollars, conditioned that he will be and appear at the circuit court of said county, at the next term thereof then and there to answer the charges exhibited against him, and that he will not depart therefrom without leave of the court." There being no such conflict between the provisions here quoted, and the following provisions contained in the 45th chapter of the Revised Statutes, that both may not well stand. Section 103 of said chapter provides "that it shall be the duty of the clerk of the circuit court, in which any indictment may have been found, and where the defendant shall not be in custody, or under recognizance to answer such indictment, immediately after such indictment is returned into court by the grand jury, to issue process to arrest the defendant, without any previous order of the court for that purpose." Section 105 enacts,

that "when any indictment is for a bailable offence, the defendant may be let to bail by the court in which the indictment is pending, or if such court be not in session, by the judge thereof, or by any judge, the presiding judge of the county court, or by the sheriff, where the court directs the clerk to endorse on the writ the amount of bail to be required." Section 106 declares "that no court or officer, other than those specified in the preceding section, shall let any person to bail, against whom an indictment for any offence may be pending. Section 107 provides "that when any person shall be let to bail, the officer taking the recognizance, shall immediately file the same with the clerk of the court in which such indictment is pending," and section 58 enacts that "all recognizances taken under the provisions of this act shall be signed by the party entering into the same."

From the construction which we put upon these provisions, we consider the sheriff authorized to take a *recognizance*, when the sum for which bail is required is endorsed on the capias in the manner prescribed by the 105th section above quoted, but not otherwise; and that he may take bond and security where no such endorsement is made, under the provisions of the 13th section of chapter 140, quoted above, and let the party to bail thereupon, but the scire facias, whether upon such recognizance or bond, must set forth in a legal and proper manner every fact essential to show the authority of the sheriff to take such obligation. The scire facias in this case does not allege with sufficient certainty, whether the recognizance in question was entered into and acknowledged before the court in which the indictment was pending, or the judge thereof in vacation, or some other judge, or the sheriff who was charged with the execution of the capias mentioned therein, or that it was signed by the recognizors, or in what manner it become matter of record. It therefore, in our opinion, wholly fails to show any right of action in the State which may be enforced by this form of remedy, or indeed any other form, without other facts being shown. The court therefore erred in refusing to arrest the judgment thereupon, on the motion of the plaintiff in error. Judgment reversed.