OF THE STATE OF ARKANSAS. 365

TERM, 1856.]                    Cannon et al. vs. The State.

---

## CANNON ET AL. vs. THE STATE.

On the trial of a *scire facias* on recognizance for appearance in a criminal case, the bail bond and record entry of forfeiture are competent evidence, and sufficient to fix the bail, if the recognizance be in form, and taken by the proper officer, and the *scire facias* follows, substantially, the recognizance.

To a plea of former recovery to a *scire facias* on recognizance, the State replied, in substance, that the trial and former recovery pleaded by the defendant, was not a trial and recovery upon the merits, but was only a judgment in bar, rendered upon a question of law, not involving the facts or the merits of the cause: HELD, That the replication was a good response to the matter of the plea.

A substantial compliance with the statutory form (*sec.* 61, *chap.* 52, *Digest,*) in a *scire facias* on recognizance of bail in criminal cases, sufficient.

*Appeal from Yell Circuit Court.*

Hon John J. CLENDENIN, Circuit Judge.

WALKER & GREEN, for appellants.

JORDAN, Attorney General, contra.

Mr. Justice HANLY delivered the opinion of the Court.

This was a proceeding by *scire facias*, determined in the Yell Circuit Court, at the September term, 1855. A *scire facias* issued from that court, on the 2d day of May, 1855, reciting that, "Whereas, Richard H. Lewellen, as principal, and John W. Cannon, James M. Bass, John C. Barrett and James E. Millard, as his sureties, on the 6th day of April, 1854, before John C. Herring, sheriff in and for the county of Yell, and State of Arkansas, acknowledged themselves to owe and be indebted to the State of Arkansas, in the full and just sum of three hundred dollars: that is to say, the said Richard H., in the sum of $300, and the said John W., J. M., J. C. and J. E., in the like sum, to be levied of their respective goods and chattels, lands and tenements: to be void upon condition, that the above bounden Richard H., should well and truly make his personal appearance before the Judge of our Circuit Court of Yell county, on the first day of our then next September term, at a court to be holden at the court house, in the town of Danville, on the 4th Monday of September, then next, then and there to answer the said State of Arkansas, of an indictment preferred against him, for obtaining property under false pretences, and that he should not depart therefrom, without leave of said court; and, whereas, on the said 4th Monday of September, 1854, the said Richard H., wholly failed to keep the condition of said recognizance, in this: that, although called, he failed to appear and answer the charges, and not thereafter depart said court without leave thereof, whereby the condition of said recognizance became, and was forfeited, as appears of record, in said court," with the usual summons appended. This writ of *sci. fa.* was regularly directed to the sheriff of Yell county, and was duly executed by him, on all the parties named therein, except the said Richard H., the principal recognizor. At the return term, it appears from the transcript, that a *nolle prosequi* was entered by the attorney for the State, as to the party not served, Richard H. Two of the defendants, Bass and Bar-

rett, moved to quash the *sci. fa.* on the ground of a misjoinder of parties, which was overruled, and the other defendants pleaded: Millard, a plea of former recovery: Cannon, *nul tiel* record, *nul tiel* recognizance, and *nul tiel* forfeiture. Replication to the plea of Millard, averring that the former recovery was not upon an issue to the merits, and averring, that the court, in such judgment, awarded an alias *sci. fa.* against the party on the recognizance on which this proceeding is had. To this replication, the defendant, Millard, demurred, and joinder therein by the State. The State took issue upon the three pleas of Cannon. The demurrer to the State's replication to Millard's plea overruled, and exceptions. The issues upon the pleas of Cannon were tried by the court, and a finding thereon for the State.

On the trial of the issues formed on Cannon's pleas, the State produced and read, against the objection of the defendant, a bond in these words:

"We, Richard H. Lewellen, as principal, and John W. Cannon, J. M. Bass, J. C. Barrett, and James E. Millard, as securities, acknowledge ourselves to owe and be indebted to the State of Arkansas, in the full and just sum of three hundred dollars: that is to say, the said Richard H., in the sum of three hundred dollars, and the said John W., J. M., J. C. and J. E., in the like sum, to be levied of our goods and chattels, lands and tenements. To be void," &c. Conditioned, as the law requires, and in the manner recited in the *sci. fa.*, as above, which purports to be signed and sealed by the parties, with this endorsement at the bottom thereof, *to wit:* "Approve of the above securities," signed by the sheriff of Yell, in his official capacity.

The State furthermore read, against the objection of the defendant, the following entry from the record of the Yell Circuit Court, purporting to have been entered at the September term, 1854, *to wit:* "Comes the State by her attorney, and the defendant, Richard H., being solemnly called, comes not, but makes default, and the sureties (who are named as above,) also being called, but likewise make default. It is, therefore, considered by

the court here, that the said recognizance bond be, and the same is, hereby forfeited, and the State recover," &c. To the reading of which bond, and entry as above, the defendant excepted, and set them out in his bill.

Judgment final was rendered by the court, upon the finding and ruling of the court, as above, for the State, and against the defendants, for the sum of $300.

The cause was brought to, and is now pending in this court on appeal.

Several points are relied and insisted on by the appellants, for the reversal of the judgment of the court below, *to wit:*

1st. The finding of the court is not sustained by the proof.

2d. The court erred in permitting the bail bond and forfeiture to be read as evidence.

3d. The court erred in overruling the demurrer of Millard to the replication of the State, to his plea of former recovery.

4th. That the court erred in refusing to sustain the motion to quash the *sci. fa.*

We will proceed to consider and dispose of the points relied on, in the order in which they occur.

1. The only evidence before the court upon the issues to Cannon's pleas of *nul tiel record, nul tiel recognizance* and *nul tiel forfeiture*, were the recognizance bond, and the entry upon the record of the forfeiture of such recognizance. The question is, does that evidence sustain those issues? It is insisted, on the part of the appellants, that there is a variance between the recognizance recited in the *sci. fa.*, and the one produced in proof, in this: that in the said *sci. fa.*, the parties, both principal and sureties, are charged to be jointly bound in the penal sum of $300: whereas, the recognizance itself shows that the principal, Lewellen, is bound in the sum of $300, and the securities in the like sum. We have examined this objection, together with the various authorities to which we have been referred, and cannot discover the potency of the objection, or the application of the authorities to the particular case before us. We think the *sci.*

*fa.* follows, substantially, the recognizance. We, therefore hold, that the proof was sufficient to authorize the finding, if the *sci. fa.* and recognizance were in due form; and the officer, who took the latter, had the authority under the law to do so.

2. The determination of the first error assigned disposes, virtually, of the second. We will, therefore, not notice this assignment further.

3. It is insisted, that the replication of the State, to the plea of Millard, is defective, for the reason that it does not contain matter of estoppel, nor does it traverse, or confess and avoid the matters set up in the plea, and we are referred to 1 *Chitty's Plead.* 648, 650, *and* 659, in support of this position. There can be no doubt, but that it is a rule of pleading, that the replication must either, *first,* present matter of *estoppel* to the plea, or *secondly,* must *traverse,* or *thirdly,* confess and avoid the matter pleaded by the defendant. See 1 *Chit. Pl.* 648. And, it seems, from the brief of the attorney for the State, in this instance, that this is not controverted. It is insisted, however, on the part of the appellee, that this rule has been observed in reference to the replication we are considering. It cannot be controverted but that the replication at hand, is somewhat inartificially prepared, and is made to partake, to some extent, of the office of a demurrer. But when divested of these artificial defects, we think there is enough of substance left, to show the evident object of the pleader, as well as to inform his adversary of that object. The response to the plea, made by the replication, shorn of the redundant matter to which we have alluded, is simply this: that the trial and former recovery pleaded by the defendant, was not a trial and recovery upon the merits, but was only a judgment in bar, rendered upon a question of law, not involving the facts, or the merits of the cause. This, we apprehend, was a good response to the matter of the plea, the law being in such case, that, "if a former recovery for the same debt, or a plea of set-off on a recognizance of record, be pleaded, the replication was to be *nul tiel record;* and to a plea of judgment recovered, the plaintiff might *new assign,* that his action was for the breach of

different promises." 1 *Chit. Pl.* 582; *Snider vs. Cray*, 9 *Johns. Rep.* 327. But the appellee, in his replication, did not technically *new assign*, but pleaded by way of confession and avoidance, that the judgment, set up in the plea of the defendant, as a bar to the *sci. fa.*, was not a judgment recovered on the merits; and, in this, we think, he was clearly sustained by the authorities and precedents. See 1 *Chit. Pl.* 198; *Knox vs. Waldoborough*, 5 *Greenl. Rep.* 185; *Gilmer vs. Rives*, 10 *Peters Rep.* 298; *Wilbur vs. Gilman*, 21 *Pick. Rep.*; *Hampton vs. Broom*, *Miles Rep.* 241. We are, therefore, of opinion, that the court below did not err in overruling the appellant's demurrer to the appellee's replication.

4. In support of this assignment, the appellants have referred us to *Gray vs. The State*, 5 *Ark. Rep.* 265, and *Hicks vs. The State*, 3 *Ark. Rep.* 313. These cases were very good law, at the time they were respectively determined. We not only recognize, but fully approve of the principles determined in those cases, and would not hesitate to act upon them, and hold the *sci. fa.*, in this case, bad, were it not for the statute which was passed since the decisions in the above cases were made. It seems, the act to which we refer, was passed with a view of settling, from thenceforward, the difficulty experienced in procuring a form for a *sci. fa.*, which would meet the requirements of the statutory enactments, in respect to recognizances of bail in criminal causes. The 61*st section, of the* 52*d chapter of the Digest*, under the head of "CRIMINAL PROCEEDINGS," prescribes a form for *sci. fa.'s* in such cases, and the one pursued in the instance we are considering, is substantially a compliance with that form.

We have, therefore, to hold that the court below did not err in overruling the appellants motion to quash the *sci. fa.* in this cause.

This disposes of all the errors assigned, and we, finding no error in the record, and proceedings in the Yell Circuit Court, in this cause, affirm the judgment thereof, in this behalf rendered, at the cost of the appellants.

Absent, Mr. Justice SCOTT.