## DARBY ET AL. VS. THE STATE.

The *scire facias* on a recognizance of bail in a criminal case should set forth all the facts necessary to show a right of action—and if it fail to show that the recognizance was entered into before the court or officer authorized to take it, or that the recognizors were bound to the State for the sum mentioned in it, it will not sustain a judgment by default.

A *scire facias* upon recognizance of bail in a criminal case may issue from the county in which the prosecution was had to any county in the state.

*Writ of Error to Monroe Circuit Court.*

Hon. GEORGE W. BEAZLEY, Circuit Judge.

B. D. TURNER, for plaintiffs.

A *scire facias* will lie only upon recognizances taken in strict compliance with sections 57 *to* 62, *chap.* 52 *Dig.*

It was error to issue the *scire facias* out of the Circuit Court of Monroe county to the sheriff of Prairie county—all the defendants resided in Prairie county. The scire facias should have issued to Monroe county, and if not served should have been re-issued as required by *sec.* 62 *chap.* 52 *Dig.*

The scire facias does not show that the " bond " was payable to " the State of Arkansas," as required by *sections* 57, *ch.* 52 *Dig.*; nor does it disclose when, or by whom, or by what authority it was taken. *Ib.*; 5 *Ark.* 265.

HEMPSTEAD, Solicitor General, contra.

The writ discloses the liability of the plaintiffs in error, and states sufficient facts to bring the case within the law. *Gould's Dig.* 401.

Writs in criminal cases may issue to any part of the State; and this, although in form a civil, is yet in its nature a criminal proceeding or growing out of a criminal proceeding. The provision as to two *nihils* being equal to service was intended to apply where parties are not residents of the State. *Gould's Dig.* 402.

Mr. Justice COMPTON delivered the opinion of the Court.

This was a *scire facias* issued from the Circuit Court of Monroe county, and directed to and served in the county of Prairie.

At the return term, Bridges not being served, discontinuance as to him; Darby and Johnson defaulted, and judgment against them.

The first objection taken to the proceedings in the court below is, that the *scire facias* was not sufficient in law to sustain the judgment by default.

After the decision of this court in *Hicks vs. The State*, 3 *Ark.* 313, and in *Gray vs. The State*, 5 *Ark.* 265, the Legislature, for greater convenience in practice, passed an act, approved

2d February 1843, which prescribes the form for a *scire facias* on recognizance of bail in criminal cases. *Gould's Dig. ch.* 52, *sec.* 63. In this case the form prescribed was not substantially followed. The *scire facias* recites that " Clinton H. Bridges was bound with W. J. Darby, and William Johnson, as his securities, in a bond for the sum of two hundred and fifty dollars, conditioned for his appearance," etc., to answer an 'indictment for assault and battery, etc. Thus failing to show that the recognizance was entered into before the court in which the prosecution was had, or before any of the several officers authorized by law to take it; or that the recognizors were bound to the State for the sum mentioned in the obligation recited, as in order to show a right of action in the State, it should have done. The *scire facias* occupying the place of both writ and declaration, should have set forth all the facts necessary to show a right of action in the plaintiff. Failing in this, it does not sustain the judgment by default against the defendants.

It is further objected, that the issuance of the *scire facias* to Prairie county, and its service there upon the defendants, was erroneous.

It is provided by statute, that in all actions deemed local at common law, the original writ may be issued from the county, where the injury was committed, to any other county where the defendant may be found; but in declaring in any such action the plaintiff shall not set forth any matter which would be the subject of a transitory action.

In a proceeding by *scire facias* on a recognizance of bail, the venue is local at common law. *Smith vs. Clarke,* 1 *Ark.* 651. 1 *Chit. Plead.* 269. The *scire facias* is also regarded as an original writ, and as the institution of a new suit. *Gray vs. The State, supra.* We think, therefore, that such a proceeding is within the provision of the statute, and that the writ may well issue to any county in the State.

For the error, however, above indicated, the judgment must be reversed.