By the Court :
In deciding this case, it will be proper to examine the errors assigned for a reversal of the judgment in the court below, and also the grounds of the plaintiff’s claim, to a judgment in his favor, in this court.
*It was decided in Botkin, etc. v. The Commissioners of Pickaway county, 1 Ohio, 375, that a final judgment in the court of common pleas could not be altered, in any matter of substance, *227 at a term subsequent to that in which it was rendered ; but we do not know of any case that restrains the court of record from altering, or setting aside a judgment improperly entered, at any time during the term in which it was rendered while the proceedings are considered as being in paper. Such a power seems to be necessary to the correct administration of justice. In the hurry of business, many entries are made, which require to be amended, or erased, and a discretionary p'ower, exercised by the court, to correct the journal in such cases, prevents much error and expensive litigation. The form in which applications of this kind are made, depends chiefly on the rules and practice of the court. In this case the judgment was by default, and was set aside on motion, without the formality of filing written reasons, which we believe is the usual mode of setting aside judgments of that character.
The second inquiry leads to an examiuatiou of the scire facias, on which the plaintiff prays for judgment. This proceeding is founded on section 27 of the act of 1824, regulating judgments and executions; and although the'section does not prescribe the form of the process, yet it is sufficiently explicit, when taken in connection with its object, and the general rules of process and pleading, to enable us to decide without difficulty, what averments it ought to contain. Writs of this description are entered on the record, with a mere formal charge, in the caption and conclusion, as the declaration in the cause. They must, therefore, contain everything that is required to constitute a good declaration; or, in other words, they must set out all the facts that are necessary to show a right in the plaintiff to the relief prayed for. The question then arises, does the record before us contain these requirements. The statute, as far as it governs the case, is explicit. It limits the remedy to judgments that are unsatisfied. It authorizes the procedure only after the time allowed by the court for the settlement of the estate shall have expired. It requires the writ to be set forth, that the defendants hold lands *by devise, or descent, of the testator, or intestate, and the defendants must be called on to show cause, if any they have, why the judgment should not be levied of the lands so by them held. It was, therefore, incumbent on the plaintiff, in setting out his title, to aver that his judgment was unsatisfied, and that the time allowed by the court, for the settlement of the estate, had expired. On these points, the record is wholly silent.
*228 The averments may be all true, and yet the debt may have been paid, or the time allowed to the administrators may not have expired. The scire facias contains an averment, that lands descended to the defendants from their ancestor, but what lands, or of what value, or whether they are now held by the heirs, subject to an execution, or not, does not appear, either in the writ, in the return, or in any part of the record. And if a judgment should be rendered in this case, there is nothing to guide the officer in making his levy; or if the lands descended have been sold, under such circumstances, as to place them beyond the reach of the judgment creditor, there is nothing from which the value of the assets descended can be ascertained. Although the statute is silent on this point, yet the nature of the claim set up, and the uniform practice of courts in similar cases, require that the lands which have descended, should be set out in the body of the writ, or ascertained and described in the sheriff’s return. The latter course seems to be the practice of the courts of Westminster.
The propriety of ascertaining the lands, or their value, will appear from this consideration, that the heir is not answerable, beyond the amount of assets descended, and it may be that he has paid other claims against his ancestor, to the amount of the assets, which came to him by descent. Buckley v. Nightingale, 1 Stra. 665.
But as no rule has been established by this court on the point now under consideration, and as it is not necessary to settle it, in order to decide the case in hand, we will leave this part of the subject open, and dismiss it for the present, with one additional observation, that the plaintiff must see, that in some part of the proceedings, the assets are shown which have descended to the heirs, so that an issue may be formed, and the matter reduced to a certainty.
^Another defect is, that the scire facias does not show, that the' assets, in the hands of the administrators, have been exhausted. Until this is the case, the real assets can not be made liable. It is contrary to the general policy of our laws, to subject real estate to execution for debt, until the personal property has been disposed of; and this principle applies as strongly in favor of heirs, charged with the. debts of their ancestors, as in any other case, and perhaps more so. Before the lands of a defendant can be taken in execution in payment of his own *229 debt, it must appear by the official return of the sheriff, that there are no goods and chattels to be found within his bailiwick. This is required by statute, and can not be dispensed with, in this or in any other case. For anything that appears, the administrators may have assets in their hands, that can be reached without diffi culty. The record does not contain any averment inconsistent with this supposition.
This is a fact that must not be left in doubt. It is a necessary part of the plaintiff’s title, without which he can not recover. If there be personal assets, he must pursue them, and if there be not such assets, he must ascertain the fact by the return of process, and distinctly state it as one of the grounds of his right to call on the heirs.
Inasmuch, then, as the record does not show that the judgment against the ancestor of these defendants is in force, and unsatisfied, or that the time allowed by the court for the settlement of the personal estate had expired, before the issuing of the writ of scire facias, or that the personal property which came to the hands of the administrators had been exhausted, the plaintiff can not be entitled to the judgment for which he prays.
Judgment below affirmed.†

 Note by the Editor. — See amendment of judgments, note to case on paga 31 of vol. ii. Averments in scire facias, see also ii. 251; iv. 397; v. 312, 340, and oases cited; viii. 209; xv. 301.