WALKER and Others *v.* HOOD, Executrix.

A *scire facias* was issued from the *Allen* Circuit Court to revive a judgment of that Court, directed to the sheriff of *Miami* county by whom it was served. *Held*, that the writ could not be sustained.

Two writs of *scire facias* to revive a judgment, running in the county where the judgment was rendered, and returned "not found," will entitle the plaintiff to execution.

A *scire facias* against an executrix, to revive a judgment recovered against her testator, must contain a suggestion of the death of the judgment-debtor, and show the defendant's appointment as executrix.

APPEAL from the *Allen* Circuit Court.

DEWEY, J.—This was a *scire facias* in favour of the appellants against the appellee, executrix of *W. Hood*, issued from the *Allen* Circuit Court to revive a judgment which the appellants had recovered against *W. Hood* in that Court: the writ was directed to the sheriff of *Miami* county by whom it was served. The defendant moved the Court to quash the writ, and the motion was sustained.

The decision of the Circuit Court is correct. There is no provision in the laws of this state regulating, particularly, the issuing of writs of *scire facias* from the Circuit Courts to revive judgments therein rendered. These writs, there-

fore, must be governed by the general regulation of the practice act, which does not authorize process to issue from one county to another, unless there are several defendants, and some of them be resident in the county in which the suit is instituted; or unless the defendant resided in that county at the commencement of the action, and afterwards fled or removed from it, and the plaintiff shall make affidavit of the facts. R. S. 1838, p. 447. The *scire facias* in question was against a single defendant, who does not appear to have fled or removed from the county, where the suit was commenced. The *Allen* Circuit Court had no right, under the circumstances of the case, to issue the writ to the county of *Miami.*

A judgment-creditor, however, may revive a judgment by *scire facias*, although he may not be able to send the writ out of the county where the judgment was rendered. Two writs, running in that county, and returned "not found," will entitle him to execution. *Kearns* v. *The State,* 3 Blackf. 334.

The *scire facias* was liable to another objection. It does not contain a suggestion of the death of the judgment-debtor, nor show the appointment of the defendant as his executrix. These events should appear by the writ. 2 Tidd's Pr. 1058.

*Per Curiam.*—The judgment is affirmed with costs.

*H. Cooper,* for the appellants.

*W. Wright,* for the appellee.