## GIBSON v. GREEN.

AWARD OF EXECUTION—PRACTICE—PERSONAL JUDGMENT.—Under section 406, 2 G. & H. 230, the Court may award execution upon an existing judgment upon constructive service of notice against the defendant, but can not render any personal judgment against them upon such notice.

PRACTICE IN SUPREME COURT.—Where a personal judgment is rendered upon default or constructive notice, and no steps are taken below to vacate it before an appeal to this Court, the appeal will be dismissed.

APPEAL from the *Knox* Circuit Court.

PERKINS, J.—On the 29th day of *October*, 1841, *John Mc-Clure*, obtained judgment in the *Knox* Circuit Court, against *George R. Gibson* and *Samuel Emison*, for the sum of 312 dollars and 50 cents. On the 29th of *October*, 1841, *John Mc-Clure* assigned that judgment, on the order book of the Court, to *Robert G. McClure* and *James Johnson*, who, afterwards, viz: on the 15th of *February*, 1843, assigned, in like manner, said judgment to *William Green*, the plaintiff below. Afterwards, *Samuel Emison* departed this life, and *George R. Gibson* departed this State and became a resident of *Illinois*. No. execution had been issued on the judgment; and on the 22d of *August*, 1861, *William Green*, the assignee of the judgment, as above stated, filed his complaint in the *Knox* Circuit Court, praying an award of execution thereon. Constructive notice was given of the pendency of the suit.

On the 21st day of *February*, 1862, a default was taken against the defendant; a finding made by the Court that the judgment was unpaid; a judgment rendered that the plaintiff recover the amount due of the defendant; and that execution issue, &c.

The defendant appealed to this Court; and claims that judgment could not be rendered against him upon construction notice.

The proceeding in the case was instituted under sec. 406, 2 G. & H. p. 230, which reads thus:

"After the lapse of five years from the entry of judgment, an execution can be issued only on leave of Court, upon motion, after ten days' personal notice to the adverse party, unless he be absent, or non-resident, or can not be found when service of notice may be made by publication, as in an original action; or in such other manner as the Court shall direct; such leave shall not be given, unless it be established

by the oath of the party, or other satisfactory proof, that the judgment, or some part thereof, remains unsatisfied and due."

The law in reference to judgments is a little peculiar, and it will not be out of place to epitomize it here.

A judgment of a competent Court, at common law, determines the right of a party, in a suit for the recovery of a money judgment, to the amount of money specified in the judgment, but does not put him in possession of it. The judgment merges the cause of action, constitutes a contract record, and becomes the highest evidence of legal right. Chit. on Cont. 2. It is an unimpeachable cause of action in a suit upon it. *Id.* 1 Blackf., 2d ed., 237; 11 Petersdorff, 689; 1 Chit. Pl., p. 111; and the English statutes of limitation formerly, at all events, prescribed no time within which an action must be brought upon all such domestic judgments. Arch. Pl., 24; Ang. on Limitations, 1st ed., 168. But the Court admitted lapse of time to be used as an item of evidence, raising a presumption of the fact that the judgment had been paid; when an action of debt was brought upon it; though the presumption might be rebutted by proof. Petersdorff, vol. 11, p. 699. The length of time upon which a judgment should be presumed when so sued upon, *prima facie*, to be paid, because fixed, at last, at twenty years, the time applied in case of specialties. This period was adopted in *Indiana. Barker* v. *Adams*, 4 Ind. 574; *Rogers* v. *Bishop, et ux.*, 5 Blackf. 108.

The code of 1852 has gone farther. It has not only enacted, (vol. 2, p. 78. sec. 225; 2 G. & H. 165,) that, "every judgment and decree of any Court of record of the *United States*, or of this or any other State, shall be deemed satisfied after the expiration of twenty years." But it has also declared, in sec. 210, of the same vol., (2 G. & H. 159,) that actions "upon contracts in writing, judgments of a Court of record, and for the possession of real estate," shall be brought within twenty

Gibson *v.* Green.

years " and not afterwards." Courts of justice of the peace are Courts of record in this State.

Actions of debt, however, are not usually resorted to upon judgments while the defendants remain or have property in the State where they are rendered, for such actions do not, of themselves, place in the hands of plaintiffs the fruits of the original judgment, viz: the moneys adjudged in them to be due. Those moneys, when not voluntarily paid, are obtained by executions. And, notwithstanding the judgments, when sued on, within twenty years, *prima facie*, entitled plaintiffs to judgments upon them without any proof on their parts of non-payment. Still, executions could not be issued upon them to enforce their collecting, after a year and a day, without leave of the Court, obtained after *scire facias*. But the writ of *scire facias* could not be issued in all cases, without preliminary steps. "At any time before seven years from the signing of the judgment, [says Petersdorff, vol. 14, p. 382,] it may be sued out as a matter of course; after seven years, and under ten, there must be a side bar rule; and after ten years, there must be a motion in Court, supported by an affidavit that the judgment is unsatisfied; 2 Salk. 598; 1. B. & B., 381. After fifteen years, it seems, the Court will grant only a rule *nisi.* Imp. B. R. 540. [In these cases, the Court will award an execution without personal notice to the defendant. It will be awarded on constructive notice; that is, at common law, upon two returns of *nihil,* equivalent to two returns that no service can be had upon the defendant. Petersdorff, *supra,* 383; *Walker* v. *Hood,* 5 Blackf. 266;] but where the judgment was of twenty years standing, the Court of Common Pleas have required that the defendant should be actually summoned; 2 W. Bl. 995, 1140; "before execution should be awarded."

The object of the *scire facias* seems to have been to obtain, not a new judgment for the debt, but execution of the judg-

Gibson *v.* Green.

ment already existing. How far, where the defendant actually appeared, or was actually summoned within the State, the award of execution might operate, under our code, to take the case out of the statute of limitations, is a question not now before us.

The proceeding provided for by the section of the code first above copied, seems to be a substitute for the common law writ of *scire facias*. Its object is to obtain execution upon an existing judgment; and if, in any case, a new personal judgment could be rendered against the defendant, it could not in this, because there was in it only constructive notice. *Beard et al* v. *Beard*, 21 Ind., p. 321.

That part of the judgment in this case, personal against the defendant, was unwarranted, but it was rendered upon default, and no steps were taken below to vacate before appeal to the Supreme Court. The appeal must therefore be dismissed with costs.

On petition for rehearing.

PERKINS, J.—A petition for rehearing has been filed on the point of dismissing the appeal. It is well said that the code gives the right of appeal from all final judgments, except, &c. But this Court will not reverse judgments appealed from, unless, as a general rule, the party has objected to errors below. See *Ellis* v. *Miller*, 9 Ind., 210.

If the Court should, as it might in such case, affirm the judgment, it would, probably, cut the party off from further relief. Hence, as a favor to him, the appeal is dismissed, and a door to remedy left open.

*Per Curiam.*—The petition for rehearing is overruled.

*Gookins, Thomas* and *Roberts*, for the appellant.

*Samuel Judah*, for the appellee.