## King and Another *v.* Manville.

Judgments.—Statute of Limitations.—Under the fifth subdivision of section 211 of the code, an action.upon a judgment is barred after twenty years from the date of the judgment, unless the case comes within some of the exceptions of the statute.

Same.—The fact that an execution was issued upon the judgment and returned unsatisfied, within twenty years, is not sufficient to avoid a plea of the statute of limitations.

APPEAL from the *Brown* Circuit Court.

Elliott, J.—Suit by the appellants against *Manville,* on a judgment rendered in the same court, on the 16th day of *March,* 1846.

Answer, 1. The general denial. 2. That the plaintiffs' cause of action accrued on the 17th day of *March,* 1846, and that said action was not commenced within twenty years after the cause of action accrued. A demurrer was overruled to the second paragraph of the answer, to which the plaintiffs excepted.

Reply by a general denial, and, secondly, that an execution was issued on said judgment by the clerk of the court, at the instance of the plaintiffs, on the 9th of *April,* 1846, which was returned *March* 26th, 1847, wholly unsatisfied. The court sustained a demurrer to the second paragraph of the reply, to which the plaintiffs also excepted.

There was a trial, resulting in a finding and judgment for the defendant. The action of the court in overruling the demurrer to the second paragraph of the answer, and sustaining the demurrer to the second paragraph of the reply, present the questions urged in the case for a reversal of the judgment.

It is insisted by the appellants' counsel, in argument, that the statute of limitations does not bar actions on judgments of a court of record, but only raises the presumption of payment, after the lapse of twenty years, which may be rebutted by evidence, and refers to *Reddington* v. *Julian,* 2 Ind. 224, and *Barker* v. *Adams,* 4 *id.* 574. Those cases

were decided under the statute of 1843, the only provision of which, relating to the subject, is as follows: "Every judgment and decree in any court of record of the *United States*, or of this or any other state, shall be presumed to be paid or satisfied at the expiration of twenty years after the judgment or decree was rendered." R. S. 1843, § 121, p. 689.

In the case under consideration, the question is governed by the code of 1852, which contains the following provision, viz: "Sec. 211, The following actions shall be commenced within the periods herein prescribed, after the cause of action has accrued, and not afterwards:  *   *   *

"5. Upon contracts in writing, *judgments of a court of record* and for the recovery of the possession of real estate, within twenty years." This provision would seem to be conclusive upon the question involved, but it is insisted that it is controlled by section 225, which provides that "every judgment and decree of any court of record of the *United States*, or of this or any other state, shall be deemed satisfied after the expiration of twenty years" We cannot concur in this position. The two provisions of the statute referred to relate to different matters; the first limits the time within which the action may be brought, after the cause thereof accrued; the other relates to the question of payment or satisfaction, and declares that such judgments shall be deemed satisfied after the expiration of twenty years. The question under the first is raised by an answer of the statute of limitations, and that under the second by an answer of payment. There is no conflict in the two provisions, nor has the one any bearing upon the construction to be given to the other.

The case may come within one of the exceptions enumerated in sections 215 and 216, and the action may not therefore be barred, though more than twenty years may have elapsed after the cause of action accrued, and still the presumption of satisfaction would arise under section 225.

The second paragraph of the reply is clearly bad. It

does not meet the question raised by the answer of the statute of limitations.

The rulings of the court on both demurrers were correct, and the judgment must therefore be affirmed.

The judgment is affirmed, with costs.

*S. H. Buskirk, J. S. Hester* and *R. L. Coffey,* for appellants.
*W. W. Herod,* for appellee.