## FLYNN, ADMINISTRATOR, *v.* NORTHAM ET AL.

[No. 6,439. Filed October 7, 1909.]

1. EXECUTION.—*Issue After Ten Years.*—A suit to renew and correct a judgment brought within ten years after the rendition of the judgment, cannot be founded upon §717 Burns 1908, §675 R. S. 1881, providing that no execution shall issue upon a judgment, after ten years, except upon leave of court, after the giving of notice to the judgment debtor. p. 334.

2. JUDGMENT.—*Revivor.*—*Actions to Renew.*—A suit to renew and correct a judgment does not constitute a revivor of such judgment, a revivor consisting merely in the giving of new life to the old judgment. p. 335.

3. PLEADING.—*Complaint.*—*Judgment.*—*Scire Facias.*—A complaint alleging that the plaintiff's decedent was awarded a judgment against defendants, that such judgment has never been paid to the plaintiff nor to his decedent, that by mistake the record of the Christian name of one of the defendants was incorrect, is insufficient as a *scire facias,* since the judgment might have been satisfied otherwise. p. 335.

From Laporte Circuit Court; *Walter A. Funk,* Special Judge.

Suit by Stephen D. Flynn, as administrator of the estate of Margaret Smith, deceased, against Lavina Northam and another. From a judgment for defendants, plaintiff appeals. *Affirmed.*

*W. B. Biddle,* for appellant.

*Frank E. Osborn, W. A. McVey* and *Lee L. Osborn,* for appellees.

HADLEY, C. J.—The complaint in this action avers that appellant's decedent was, upon the complaint of appellees,

adjudged a person of unsound mind; that thereafter, on June 19, 1899, upon complaint of said decedent, for review of said judgment, the same was set aside, and a second trial had on the original complaint, at which trial said decedent was found to be of sound mind, and the costs were adjudged against appellees. This judgment was rendered on November 7, 1900. It then avers that the costs of the proceeding to review were taxed by the clerk at $149.25; that the costs of the trial of the original action were taxed by the clerk at $355.70, and that the costs of the guardianship were $23, with interest thereon from date of said judgment, and that said costs have not been paid to decedent or to plaintiff; that in entering said judgment the name of appellee Helen Carver was entered as "Ellen Carver." Prayer for correction, that said judgment be adjudged to be against appellees and revived in the sum of $527.50, with interest, amounting to $685.75, and that the appellant have execution thereon. A demurrer of appellees was sustained to this complaint. Appellant refused to plead further, and judgment was rendered against him.

As the action was brought before the expiration of ten years, it is not within the provisions of §717 Burns 1908, §675 R. S. 1881. Moreover, the averments of the

1. complaint show that the purpose of the proceeding is to have a new judgment upon the authority of the old. The prayer is for a judgment different in form, and apparently in amount, from the original. The original judgment was uncertain as to amount and incorrect as to the name of one of the judgment creditors, and by this proceeding appellant not only seeks to correct and make certain what in the former judgment was incorrect and uncertain, but seeks to recover a judgment in a greater sum than that exhibited in the judgment he counts upon.

That this is the intent and purpose of the proceeding is virtually admitted by appellant in his brief, when he says:

"The judgment ought to be revived, being for costs
2.  and dependent on the taxation by the clerk, the
amount could be determined more satisfactorily un-
der the direction of the court." This is not a revivor but
a proceeding to recover a new judgment. In suits for re-
vivor of a judgment, nothing new can be added to the dor-
mant judgment, except life with authority to issue execution.

The complaint is not sufficient as a *scire facias* for the
reasons before given, and for the further reason that it does
not aver nor show that the judgment is unsatisfied.
3.  There is an averment that the amount of the judg-
ment has not been paid to appellant or appellant's
decedent, but this is not sufficient. The judgment might be
satisfied in many ways without paying the sum to appellant
or appellant's decedent. A writ of *scire facias* must show
a right to the relief asked. *Hicks* v. *State* (1842), 3 Ark.
313; *Underhill* v. *Devereux* (1682), 2 Saund. 71, note 4;
*Panton* v. *Hall* (1689), 2 Salk. *598; *McVickar* v. *Ludlow*
(1826), 2 Ohio 246; 1 Black, Judgments (2d ed.), §486;
2 Freeman, Judgments (4th ed.), §444.

The demurrer was properly sustained. Judgment af-
firmed,