## ODELL v. GREEN.

[No. 9,774. Filed December 17, 1918. Rehearing denied April 17, 1919. Transfer denied December 19, 1919.]

1. JUDGMENT.—*Execution by Leave of Court.—Statute.*—If no execution has been issued within ten years after rendition of judgment, the judgment creditor can obtain an execution only on leave of court in accordance with the provisions of §717 Burns 1914, §675 R. S. 1881. p. 72.

2. JUDGMENT.—*Execution by Leave of Court.—Effect.—Statute.*— A proceeding under §717 Burns 1914, §675 R. S. 1881, for leave to obtain the issuance of an execution after ten years from the entry of judgment, adds nothing to the longevity of the judgment; and if the judgment ever had been a lien on real estate and such lien has expired by lapse of time, no new lien is created by such proceeding. p. 73.

3. JUDGMENT.—*Payment.—Presumption.—Lapse of Time.—Statute.* —Section 307 Burns 1914, §305 R. S. 1881, providing that every judgment or decree shall be deemed satisfied after the expiration of twenty years, is not in any sense a limitation on the life of a judgment, but is merely a legislative declaration of a rule of evidence by which a judgment more than twenty years old stands discredited under a rebuttable presumption of payment. p. 74.

4. LIMITATION OF ACTIONS.—*Necessity of Pleading.—Statute.*—To avail himself of §295 Burns 1914, §293 R. S. 1881, providing that actions on judgments must be brought within twenty years, a litigant must plead the limitation herein described. p. 75.

5. JUDGMENT.—*Payment.—Pleading.—Statute.*—In order that a litigant may avail himself of the presumption of payment created by §307 Burns 1914, §305 R. S. 1881, payment must be pleaded. p. 75.

6. LIMITATION OF ACTIONS.—*Action on Judgment.—Computation of Time.—Nonresidence.—Statute.*—Under §299 Burns 1914, §297 R. S. 1881, providing that the time during which a party is a nonresident of the state shall not be computed in any of the statutory periods of limitation, when a judgment debtor becomes a nonresident of the state, the time of his nonresidence must be excepted from the computation of limitations under statutes limiting the time for enforcement of judgments. · p. 75.

7. EXECUTION.—*Issuance.—Limitation as to Time.*—Section 717 Burns 1914, §675 R. S. 1881, providing that after ten years from the entry of judgment execution can be issued only on leave of court, does not limit the time in which execution may be issued, but authorizes the court to grant leave to take out execution after the lapse of ten years on proof that the judgment or any part thereof remains ·unpaid. p. 77.

8. JUDGMENT.—*Extinguishment.—Lapse of Time.—Statute.*—Section 307 Burns 1914, §305 R. S. 1881, providing that every judgment or decree shall be deemed satisfied after the expiration of twenty years, does not absolutely· extinguish a judgment after the lapse of such time, in view of other sections of the statutes recognizing the existence of a judgment for certain purposes after twenty years. p. 77, 78.

·9. JUDGMENT.—*Extinguishment.—Statute of Limitations.*—In no event does a statute of limitations utterly destroy a judgment, for if the limitation be not pleaded it is waived, and the judgment, though more ·than twenty years old, will sustain a new judgment, or if in an action on a judgment the limitation be pleaded and the action thereby barred, the old judgment will be a sufficient consideration for a new promise. p. 78.

10. JUDGMENT.—*Extinguishment.—Lapse of Time.—Statute.—Constitutionality.*—Section 307 Burns 1914, §305 R. S. 1881, providing that every judgment or decree shall be deemed satisfied after the expiration of twenty years, if construed as extinguishing a judgment after the lapse of that time, would be unconstitutional, since the legislature has no power to decide and declare arbitrarily that a judgment has been paid when in fact it has not. p. 79.

From Miami Circuit Court; *Charles A. Cole,* Judge.

Action by James L. Odell against William A.

Green. From a judgment for defendant, the plaintiff appeals. *Affirmed.*

*Long, Yarlott & Souder* and *B. B. Richard,* for appellant.

*T. Wilson Annabal, George A. Custer* and *Frank D. Butler,* for appellee.

This action was instituted by appellant to set aside, vacate, cancel and declare void a certain judgment rendered against him; and also to set aside, vacate, quash and declare void an execution and a writ of attachment. The substance of so much of the special finding as is necessary for an understanding of the questions presented is as follows:

"1. That on the 19th day of September, 1893, one Nancy A. Green, then a widow residing in Cass County, Indiana, by suit theretofore instituted, obtained a judgment against the plaintiff, James L. Odell and Sanford J. Odell, who at the time resided in Cass County, in the Cass Circuit Court of Indiana, in the aggregate sum of $1,561.63, which judgment was then and there duly entered of record and became a part of and is of the records in the Clerk's office in the Cass Circuit Court in Civil Order Book No. 25 on page 159.

"2. That subsequent to the rendition of said judgment and prior to the 12th day of August, 1912, the said Nancy A. Green, as such judgment creditor, died intestate, leaving as her sole and only surviving heir at law the defendant herein, William A. Green, her son.

"3. That subsequent to the rendition of said judgment and on the 30th day of November, 1893, the plaintiff herein, James L. Odell, one of said judgment

debtors, removed from the State of Indiana and took up his residence and became a citizen of another State in the United States of America, and thereby became and continuously ever since said 30th day of November, 1893, has been and is now a non-resident of the State of Indiana.

"4.  That on the 12th day of August, 1912, the defendant herein, William A. Green, as the sole and only heir at law of Nancy A. Green, deceased, filed in the Cass Circuit Court of Indiana, and in Cass County, Indiana, the same being the County in which judgment, as aforesaid, was rendered, his verified complaint and application against said judgment debtors, Sanford J. Odell and this plaintiff, James L. Odell, for a revival of said judgment and leave to obtain execution on the same and to have execution issued thereon; and that such further and other proceedings were had thereon, as provided in Section 717 of the Revised Statutes of the State of Indiana, Revision of 1914, as that said judgment was duly revived by the Cass Circuit Court on the 6th day of June, 1913, and the court found that the sum due thereon at that time was $3,341.88 and that the same remained unpaid, and it was adjudged and decreed by the court that said judgment do stand revived for the sum of $3,341.88 and that said plaintiff, defendant herein, be allowed to issue execution thereon for said amount, which said revival judgment was duly entered of record.

"5.  That thereafter and on the 9th day of July, 1914, an execution was had and obtained, issued by the Clerk of the Cass Circuit Court of Indiana, on said revival judgment, as aforesaid, directed and delivered to the Sheriff of Cass County, Indiana, and that pursuant thereto and on said 9th day of July,

1914, said execution having come into the hands of said Sheriff he proceeded to serve the same and did levy upon certain real estate, being the property of the said James L. Odell, plaintiff herein, located and found to be in said Cass County, Indiana, with which to satisfy said execution and pay said judgment.

"15.    That the lands levied upon under said execution and attached under said writ of attachment, by said Sheriff, were acquired by and became the property of plaintiff, James L. Odell, on June 3, 1914, by virtue of the will of Price Odell, father of said plaintiff, who died testate in Cass County, Indiana, on said date.

"16.    That from and after November 30, 1893, and continuously from said date up to and including this time the plaintiff, James L. Odell, was and now is a nonresident of the State of Indiana, and during all of said time and now the said James L. Odell was and is a judgment debtor of said judgment so rendered, as aforesaid, on the 19th day of September, 1893, in the case of Nancy A. Green v. James L. Odell and Sanford J. Odell, in the sum of $1,561.63, in the Cass Circuit Court of Indiana, entered of record in Civil Order Book No. 25, page 159 of the Civil Order Books in the Clerk's office of said Cass Circuit Court, which judgment was afterwards, to wit, on the 6th day of June, 1913, revived for the purpose of obtaining execution thereon; and the amount then found to be due and owing by the said judgment debtors, the said James L. Odell and Sanford J. Odell, the sum of $3,341.88, by the Cass Circuit Court of Cass County, Indiana, and upon which said revival judgment execution was issued to the Sheriff of Cass County, Indiana, and levied upon the lands of the said James L.

Odell, in said county, as such judgment debtor on the 9th day of July, 1914, and that said judgment so rendered, as aforesaid, upon the 19th day of September, 1893, and so revived, as aforesaid, on the 6th day of June, 1913, has never been paid.''

Other facts are found showing that the issuance of the writ of attachment was irregular and unauthorized; but as there is no controversy on this point, it is unnecessary to set them out.

The conclusions of law are as follows: ''1. That the said judgment of the Cass Circuit Court, rendered on the 19th day of September, 1893, in favor of Nancy A. Green and against the plaintiff herein, James L. Odell, and one Sanford J. Odell, had not on said 12th day of August 1912, or on said 9th day of July, 1914, become barred by the statute of limitations, but was, on said 12th day of August, 1912, and on said 9th day of July, 1914, a valid and subsisting cause of action against said judgment debtors and in favor of said judgment creditor, or her heirs or assigns, and so remains to the present time. 2. That the said William A. Green, as the sole and only heir at law of the said Nancy A. Green, was on said 12th day of August, 1912, entitled to have said judgment revived so that an execution might be issued thereon against the property of the said judgment-defendants in his favor. 3. That the said revivor proceedings were valid and effectual to authorize an execution on said judgment to issue in favor of the said William A. Green, defendant herein, when the same was issued on said 9th day of July, 1914, and that he is entitled to have the execution enforced against the property of said execution-defendants. 4. That the plaintiff herein is not entitled to have said judgment or execu-

tion, or either of them, declared null, void, inoperative and of no force and effect, or have the same vacated and cancelled, or the lien thereof or the levy made thereunder, declared null and void, or to have the same quashed, cancelled, vacated and set aside. 5. That the defendant herein was not entitled, on said July 9, 1914, or at any time since said 12th day of August, 1912, to have said writ of attachment issued against the property of said James L. Odell, plaintiff herein, or his codefendant, Sanford J. Odell. 6. That the plaintiff is entitled to have said writ of attachment, the lien thereof and the levy made thereunder, declared null and void and to have the same quashed, vacated and set aside. 7. That the defendant is entitled to recover his costs herein made from the plaintiff.''

Judgment was rendered in accordance with the conclusions of law. The assignment of errors challenges the first, second, third, fourth and seventh conclusions of law.

DAUSMAN, J.—Our Code of Civil Procedure contains the following provision: ''After the lapse of ten years from the entry of judgment or issuing of an execution, an execution can be issued only on leave of court, upon motion, after ten days' personal notice to the adverse party, unless he be absent or nonresident or cannot be found, when service of notice may be made by publication, as in an original action, or in such manner as the court shall direct. Such leave shall not be given unless it be established by the oath of the party, or other satisfactory proof, that the judgment or some part thereof remains unsatisfied and due.'' §717 Burns 1914, §675 R. S. 1881.

Under this section appellee applied to the court for permission to have an execution issued for the collection of his judgment. This step was taken more than ten years after the entry of the judgment, and as it does not appear that any execution had been issued within that period, his application was timely and proper. 1 Works' Practice §1064. The court granted him permission to have an execution as prayed. That proceeding was simple enough, but it is apparent from certain decisions and from the briefs of counsel herein that there is much confusion of thought as to the purpose of said section and the effect of proceedings thereunder.

It has been said that the above provision of the Code "seems to be a substitute for the common-law writ of *scire facias.*" *Gibson* v. *Green* (1864), 22 Ind. 422. That statement may be taken to be correct when limited to this class of cases. But it does not follow that said provision of the Code is in all respects the equivalent of the writ of *scire facias* which rests on an English statute. In the scope of its uses and purposes, the writ of *scire facias* is vastly broader than this statute. 35 Cyc 1148 *et seq.* However interesting it may be, any attempt to identify or compare said provision of the Code with the writ of *scire facias* tends only to confusion. See *Jaseph* v. *Schnepper* (1890), 1 Ind. App. 154, 27 N. E. 305.

The state undertakes not only to establish by an adjudication the claim of one citizen against another, but it also undertakes to collect the judgment for him in accordance with certain rules. The section of the Code under consideration is a rule relating exclusively to the means and method of enforcing the collection of judgments. *Gibson* v.

*Green, supra.* An execution represents the power of the state. For the period of ten years after the entry of a judgment the state furnishes an officer, clothes him with its power, and places him at the command of the judgment creditor for the purpose of seizing property of the judgment debtor with which to pay the judgment. As a matter of public policy the state encourages diligence and discourages sloth in the collection of judgments. In pursuance of that policy the legislature has provided that during the ten-year period following the entry of the judgment the judgment creditor may have execution by merely directing the clerk to issue the writ. §§716, 720 Burns 1914, §§674, 675 R. S. 1881; 2 Works' Practice §1143. During that period the matter is under his control. *Wells* v. *Bower* (1890), 126 Ind. 115, 22 Am. St. 570, 25 N. E. 603. To this general rule there are some exceptions. See Works' Practice, *supra.* After ten years, if no execution has been issued within that time, a judgment creditor, having permitted his privilege to lapse, can obtain an execution only on leave of court in accordance with said §717.

The section last mentioned is complete within itself; and, when the underlying purpose is considered, there can be no occasion to look to the writ of

2. *scire facias* for an explanation of the procedure thereunder. Nor can we find in the case at bar any reason why this proceeding to obtain an execution should be characterized "a revivor." The judgment was not thereby renewed; for under the Code the way to renew a judgment is by bringing an action thereon. If the judgment ever had been a lien on real estate, and if the lien had expired by lapse of time, that lien was not thereby renewed. *Applegate*

v. *Edwards* (1873), 45 Ind. 329, 337; *Wells* v. *Bower*, *supra*. No new lien was thereby created. *McAfee* v. *Reynolds* (1891), 130 Ind. 33, 28 N. E. 423, 18 L. R. A. 211, 30 Am. St. 194. Nothing was thereby added to the longevity of the judgment. Indeed the judgment was not affected in the least by that proceeding. See *Flynn* v. *Northam* (1909), 44 Ind. App. 333, 89 N. E. 326.

What we have said will serve to dispel the many fruitless contentions of the parties and to clear the ground for the real question, viz.: As against the seasonable objection of the judgment debtor, may execution issue for the collection of appellee's judgment more than twenty years after the entry thereof? The question calls for a consideration of §307 Burns 1914, §305 R. S. 1881, which reads:

"Every judgment and decree of any court of record of the United States or of this or any other state, shall be deemed satisfied after the expiration of twenty years."

Appellant contends that this section, arbitrarily limits the life of the judgment to twenty years, and that thereafter it is for all purposes absolutely dead. If that contention be sound, then §§298 to 302, inclusive, are utterly worthless in all actions and proceedings involving judgments. We will not sustain the contention, therefore, if it be possible to adopt a construction which will leave effective these sections of the Code and leave them equally applicable to all causes of action. Section 121 R. S. 1843 provided that judgments "shall be presumed to be paid or satisfied after the expiration of twenty years." By the revision of 1852 the language of that section was changed by substituting "shall

be deemed satisfied'' for ''shall be presumed to be paid or satisfied.'' The form of expression used in the revision of 1852 has ever since been maintained. It has been held that as used in the later statute the word ''deemed'' is the equivalent of the word ''presumed'' as used in the former. *King* v. *Manville* (1867), 29 Ind. 134; *Bright's Admr.* v. *Sexton* (1862), 18 Ind. 186.

Moreover, §307, *supra,* is not in any sense a limitation on the life of a judgment. It is merely a legislative declaration of a rule of evidence. A judgment less than twenty years of age is of itself *prima facie* proof of a valid and subsisting claim; but under this rule a judgment more than twenty years of age stands discredited, the lapse of that period of time being *prima facie* proof of payment. But in either case the presumption is rebuttable. *Reddington* v. *Julian* (1850), 2 Ind. 224; *Baker* v. *Adams* (1853), 4 Ind. 574; *Bright's Admr.* v. *Sexton, supra.*

The limitation on judgments is fixed by §295 Burns 1914, §293 R. S. 1881, which provides that actions thereon shall be brought within twenty years and not afterward. To avail himself of §295, a litigant must plead the limitation therein prescribed; and to avail himself of the presumption created by §307, *supra,* he must plead payment. *King* v. *Manville, supra.*

Section 299 Burns 1914, §297 R. S. 1881, provides that: ''The time during which the defendant is a non-resident of the state * * * shall not be computed in any of the periods of limitation.''

For the purposes of the Statute of Limitations, when appellant ceased to be a resident of Indiana time stopped, not to go again until he shall re-estab-

lish a residence in Indiana. *Niblack, Admr.,* v. *Good-man* (1879), 67 Ind. 174, 198; *Moore* v. *Armstrong* (1840), 36 Am. Dec. 63, note 72; 25 Cyc 1250. Appellant ceased to be a resident of Indiana on November 30, 1893; and therefore, as against the Statute of Limitations, the age of the judgment is but two months and eleven days. As against the presumption of payment, the facts stated in item 16 of the special finding are conclusive.

Appellant has directed our attention to a case in which there is a general statement to the effect that a judgment cannot be enforced after twenty years. *Brown* v. *Wuskoff* (1889), 118 Ind. 569, 577, 19 N. E. 243. But it should be understood that in any case general statements of law must be tested by the facts of that case.

Judgment affirmed.

### On Petition for Rehearing.

Dausman, C. J.—Counsel for appellant earnestly contend that we should have held that under no circumstances may execution issue for the collection of a judgment more than twenty years after the entry thereof. They insist that the case of *Weisbecker* v. *Cahn* (1905), 14 N. D. 390, 104 N. W. 513, is "decisive of appellant's contention in the case at bar." A sufficient answer to that insistence would be that we are dealing with the statutes of Indiana and are bound by the decisions of the Supreme Court of Indiana. However, the North Dakota case rests on the following statute: "The party in whose favor judgment has been given and in case of his death his personal representatives duly appointed, may at any time

within ten years after the entry of judgment proceed to enforce the same by execution as provided in this chapter.'' §5500 R. C. 1899.

Said statute corresponds to §716 Burns 1914, §674 R. S. 1881. It seems that the statutes of North Dakota make no provision for the issuing of an execution after ten years from the date of judgment; for if said §5500 had been followed by a section corresponding to our §717, *supra,* the decision in the Weisbecker case must have been different. There is no limitation as to time provided in said §717, nor in any other section to which our attention has been called. Section 717, *supra,* plainly authorizes the court to grant leave to take out execution at any time after the lapse of ten years on proof that the judgment or any part thereof remains unpaid. In the case at bar the court granted that leave, and pursuant thereto the execution was issued. It is not suggested that mere delay in issuing the execution after the granting of leave therefor is of any importance, and we will not consider that feature.

Counsel renew their contention that by virtue of §307 Burns 1914, §305 R. S. 1881, the lapse of twenty years absolutely extinguished and utterly annihilated the judgment. In the cases cited in the original opinion our Supreme Court has held otherwise. We find nothing in our statutes indicating an intention to utterly destroy judgments after a lapse of twenty years. Other sections preserve a judgment as a cause of action for more than twenty years under certain circumstances. §§298-305 Burns 1914, §§ 296-303 R. S. 1881. A judgment more than twenty years old may constitute a valid set-off. §372 Burns 1914, §366 R. S. 1881. In no event does

a Statute of Limitations utterly destroy a judgment. If the limitation be not pleaded, it is waived; and in that case the judgment which is the foundation of the action, although more than twenty years of age, will sustain a new judgment. 25 Cyc 1012. If in an action on a judgment the limitation be pleaded and the action thereby barred, yet the old judgment will be a sufficient consideration for a new promise. 25 Cyc 1329. Likewise, under the decision in *King* v. *Manville,* 20 Ind. 134, the presumption arising under §307, *supra,* is waived unless payment be pleaded. In the case at bar appellant did not plead payment. The trial court found, however, that the judgment remains unpaid. Why then should the judgment creditor be denied an execution? It may be conceded that the legislature might provide that judgments shall be kept alive as causes of action after the right to take out execution has expired; but in this state no time has been fixed beyond which execution may not issue, unless §307, *supra,* be construed as fixing such time. To put on said section the construction for which counsel contend would create, with respect to other sections to which we have referred, an incongruity which ought not to exist.

The question now under consideration was not involved in *Brown* v. *Wuskoff* (1899), 118 Ind. 569, 19 N. E. 463, 21 N. E. 243, and was in no manner before the court for determination. The statement therein to the effect that a judgment cannot be enforced after twenty years is not a judicial decision on that point and is not binding on this court. That statement cannot stand as against the other cases cited in our original opinion herein.

Finally, we are of the opinion that counsel's construction of §307, *supra,* would make . that section unconstitutional.  This feature has not been 10. suggested by either party; but it is a consideration always before a court when construing a statute.  The· legislature may prescribe remedies; may fix the time within which the writ of execution may issue or an action may be brought; and, within certain limits, may establish rules of evidence; but we are not aware that the legislature has power to decide and declare arbitrarily that a judgment has been paid when in truth it has not been paid.  6 R. C. L. 319, 343, 462; 25 Cyc 984.

The petition for rehearing is overruled.