REDDINGTON v. JULIAN and Wife, for the Use of CORWIN.

Where evidence is objected to, the record must show that the grounds of objections were pointed out to the Court at the time, or it will be presumed that the evidence was rightly admitted.

The statute of limitations does not bar actions on judgments which have been rendered more than twenty years, but only raises a presumption of their payment by the lapse of time.

The effect of such presumption is, that the defendant may rely upon it as *prima facie* proof of payment; and when rebutting evidence is offered, the jury are to determine whether it is reasonable to believe that the judgment has not been paid, notwithstanding the lapse of time.

ERROR to the *Decatur* Circuit Court.

SMITH, J.—This was an action of debt brought by the defendants in error against the plaintiff, in *October*, 1845, upon a judgment of the Court of Common Pleas of *Warren* county, *Ohio*, rendered in *March*, 1823.

Pleas—payment and *nul tiel record*. There was a trial upon the issues raised by these pleas, which resulted in a judgment for the plaintiff.

By a bill of exceptions it appears that the plaintiff offered in evidence a certified copy of the record of the judgment upon which the suit was brought, and some oral testimony relative to admissions of the defendant below that the said judgment had not been paid or satisfied. The defendant objected " severally and separately to every portion of said evidence so offered and introduced by the plaintiff," but as the grounds of the objection are not stated, the ruling of the Court below on those points cannot now be assigned for error.

The defence principally relied on by the plaintiff in error appears to be, that the suit, not having been commenced within twenty years after the rendition of the judgment, is barred by the statute of limitations, and that the acknowledgments proved are not sufficient to take the case out of the statute.

The statute law of this state upon that subject is contained in the 5th article, c. 40, R. S. It commences with 101st section, which enacts that certain actions shall

be commenced within six years, and not afterwards. The next section expressly declares that judgments of any Court of record of this state, or of the *United States*, or of any state or territory of the *United States*, shall not be subject to the provisions of the previous section. The next three sections limit the time within which actions shall be brought for assault and battery, for slander, or upon any act of the legislature; and the 107th section provides that " all personal actions upon any contract, not limited by the provisions of the foregoing sections of this article, shall be brought within twenty years after the accruing of the cause of action, and not afterwards." Possibly, if the statute contained nothing more on the subject, a judgment might be construed to be a contract within the meaning of the 107th section. But another section (s. 121) enacts, " that every judgment and decree in any Court of record of the *United States*, or of this or any other state, shall be presumed to be paid and satisfied at the expiration of twenty years after the judgment or decree was rendered." This section would be superfluous and inoperative, if, by the previous sections, actions on judgments were barred at the lapse of twenty years, and, as we find no other provisions of the statute limiting actions on judgments, we think it cannot, with propriety, be construed to limit the time within which such actions may be brought; and that the intention of the legislature with respect to such actions was, that, when brought, a presumption of payment should be raised by the lapse of time.

With regard to what is meant by a presumption of payment, there cannot be any difficulty. The Courts, long since, and in the absence of any statute on the subject, adopted the same rule with regard to bonds and other specialties, namely, that a presumption of payment was raised by the lapse of twenty years, and the effect of such presumption was, that the defendant might rely upon it as *prima facie* proof of payment. *Oswald* v. *Leigh*, 1 Durn. & E. 270.—*Dunlop* v. *Ball*, 2 Cranch, 180. It is not conclusive proof, but may be submitted, and when

rebutting evidence is offered, the question is to be left to the determination of the jury, whether, on the whole, it is reasonable to believe, notwithstanding the lapse of time, that the judgment has not been paid. *Jay* v. *Adams*, 26 Maine R. 333.

In the present case we think there was sufficient evidence to warrant the finding that the judgment, which forms the foundation of the suit, was not paid, and, as the action is not barred by the statute of limitations, the judgment of the Circuit Court in the premises must be affirmed.

*Per Curiam.*—The judgment is affirmed with costs, &c.

*C. H. Test* and *J. S. Scobey*, for the plaintiff.

*A. Davison*, for the defendants.