Nov. Term,
1853.

BARKER
v.
ADAMS.

THE STATE v. HURLEY.

Saturday,
December 24.

---

BARKER v. ADAMS.

The statute of limitations of 1843 does not bar actions on judgments of a court of record, which have been rendered 20 years; but only raises a presumption of payment by lapse of time.

Where a plea is substantially defective, a demurrer to the replication to the plea should be overruled.

Saturday,
December 24.

ERROR to the *Dearborn* Circuit Court.

DAVISON, J.—Debt by the plaintiff in error against the defendant upon a judgment of a court of record held within and for the county of *Orange*, and state of *Vermont*. Pleas, 1. *Nil debet.* 2. *Nul tiel record.* 3. Payment. 4. That said action was not brought within twenty years after the rendition of said judgment. 5. That the cause of action did not accrue within twenty years next before the commencement of this suit, &c. Demurrer to the first plea sustained. Replications in denial of the second and third pleas. To the fourth and fifth the plaintiff replied, that just before the rendition of said judgment, the

defendant absconded from the state of *Vermont* (where the plaintiff then, and at all times since, has resided) and ever since hath been and remained without said state, &c. Demurrer to this replication sustained. Judgment for the defendant.

The plaintiff does not insist upon the validity of his replication, but contends that the fourth and fifth pleas constitute no defence to the action.

That position is well taken. The judgment sued on is of a court of record. Hence, the pleas in question are not applicable to the suit. In *Reddington* v. *Julian*, 2 Ind. R. 224, it was held, that "the statute of limitations does not bar actions on judgments which have been rendered twenty years; but only raises a presumption of payment by lapse of time." R. S. 1843, c. 40, s. 121. The fourth and fifth pleas being substantially defective, the demurrer to the replication, on that account, should have been overruled.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*J. Ryman*, for the plaintiff.

*D. S. Major* and *A. Brower*, for the defendant.