### Bright's Administrator *v.* Sexton.

The money recovered in bastardy prosecutions is intended for the maintenance of the child, and the person who has the legal custody of, and who maintains the child, is entitled to it.

The mother, or her personal representatives, may recover it, if her child remained with, and was maintained by her.

Under our statute of limitations, the presumption of satisfaction of a jndgment after the lapse of twenty years, is not conclusive, but only *prima facie*, and may be rebutted by evidence.

APPEAL from the *Boone* Circuit Court.

WORDEN, J.—The complaint in this cause alleged, in substance, that, in *April,* 1841, the State, on the relation of *Martha Ann Bright*, deceased, recovered judgment in the same Court, against the defendant, in a prosecution for bastardy,

Bright's Adm'r *v.* Sexton.

for the sum of 200 dollars, to be paid in installments as therein specified. The judgment is set out, from which it appears that the defendant was adjudged to be the father of the bastard child, and that he pay into Court, in hand, the sum of 20 dollars, 10 dollars in three, and ten dollars in six months, and 15 dollars at the expiration of every six months thereafter, until the 200 dollars should be paid, should the child so long live,  *  * to be paid by the Clerk to the person having the legal custody of the child.

It is averred that no part of the judgment has been paid. That the child was reared and maintained by the said *Mary Ann*, his mother, and is still living. That the said *Mary Ann* departed this life some fourteen years since, and the plaintiff has been duly appointed her administrator. Prayer that the judgment be revived, and that the plaintiff have execution, and for other relief.

Demurrer sustained to the complaint and exception.

We are of opinion that the complaint contains facts sufficient to maintain the action. It may be doubted whether there could be a judgment of revivor as upon *scire facias* under the old practice; but the facts alleged constitute a good cause of action, and authorize a judgment in favor of the plaintiff for the amount that was due his intestate up to the time of her death. It is alleged that the intestate reared and maintained the child; and while it was in her custody, it was undoubtedly legally so. Had the money been paid to the overseers of the poor, she might have recovered it from them. She, being entitled to the money, might, were she living, under the code, sue for and recover it from the defendant, it not having been paid into the Clerk's office, and the right, of course, devolves upon her administrator. The money recovered in a bastardy prosecution is intended for the maintenance of the child; and the person who has the legal custody of, and who maintains the child, is entitled to it. The mother in

this case having had the custody of, and having maintained the child, was entitled to the money, although the child was supported by her own means or industry, aided by what labor the child could perform.  But it is insisted that as twenty years had elapsed after the rendition of the judgment, and before the commencement of the suit, the judgment must be deemed satisfied.  2 R. S. 1852, p. 78, sec. 225.  The statute cited is construed to mean merely, that after the lapse of twenty years, the judgment is presumed to be satisfied.  This presumption can, of course, be rebutted by evidence.

*Per Curiam.*—The judgment is reversed, with costs, and the cause remanded.

*A. J. Brown,* for the appellant.

*O. S. Hamilton,* for the appellee.