Thomas N. LEWIS, Appellant–Defendant,

v.

REX METAL CRAFT, INC., Appellee–Plaintiff.

No. 49A02–0501–CV–11.

Court of Appeals of Indiana.

July 28, 2005.

Thomas N. Lewis, Sunman, Appellant Pro Se.

## OPINION

CRONE, Judge.

### Case Summary

Thomas N. Lewis appeals the denial of his motion to invalidate execution of judgment and rescind garnishment order. We affirm.

### Issues

Lewis raises two issues, which we restate as follows:

I. Whether the trial court appropriately granted garnishment for a judgment that is over twenty years old; and

II. Whether Rex Metal Craft, Inc. ("Rex Metal") met applicable notice and/or leave requirements for garnishment.

### Facts and Procedural History

From what we can discern,[1] the facts are as follows. Rex Metal was granted a judgment[2] against Lewis on December 14, 1982. On February 11, 1992, the court renewed the judgment for an additional ten years, "which ten-year period shall commence to run on December 14, 1992." Appellant's Appendix at 5. On June 8, 2001, the court renewed Rex Metal's judgment "for an additional ten-year period commencing December 14, 2002." *Id.* at 6.

On January 20, 2004, in a motion for proceedings supplemental, Rex Metal asserted that it "owns a judgment obtained in this court against [Lewis] on December 14, 1982, for the sum of $511,245.55, and costs." *Id.* at 7. The motion named Heritage Community Bank and Bank of America as garnishee defendants. In a motion to dismiss Rex Metal's proceedings supplemental action, Lewis argued that Indiana Code Section 34–11–2–12 barred execution of the judgment.

On May 18, 2004, the court issued a garnishment order requiring

that the following property of [Lewis], in the hands of the garnishee defendant, FCN BANK, N.A.,[3] subject to execution to wit: the lesser of (1) $1,333,794.84, the unpaid amount of the judgment due from the garnishee defendant, FCN BANK, N.A., to [Lewis], as specified in the Notice of Garnishment Proceedings, or (2) the balance in the account on the date and at the time the garnishee defendant received the plaintiff's Notice of Garnishment Proceedings, Summons and Order to Answer Interrogatories, Notice of Hearing and Interrogatories ["Service Time"], which shall be applied toward the satisfaction of said judgment.

AND IT IS FURTHER, ORDERED, ADJUDGED AND DECREED that said garnishee defendant, FCN BANK, N.A., be and it is hereby ordered and directed to pay to RUBIN & LEVIN, P.C. . . . . forthwith the lesser of (1) the unpaid amount of the judgment or (2) the balance in the account at the Service

---

1. Lewis has failed to include a Facts section in his brief, which was the only brief filed in the case.

2. Although one of the pleadings alleges that the judgment was "rendered against [Lewis] for the conversion of money from his employ-ers," Lewis does not mention the basis for the judgment. Appellant's App. at 22.

3. Lewis provides us with no explanation for the change in garnishee-defendant's name.

Time, to be applied toward the satisfaction of said judgment.

*Id.* at 13.

On May 27, 2004, Lewis filed his "Supplement of Points of Fact to Defendant's Motion to Dismiss and Sworn Statement of Residence," in which he stressed: "The renewal or extensions of the judgment period is NOT the issue. The ONLY issue in [Lewis's] Motion to Dismiss, is the EXECUTION of the judgment. Indiana Code Section 34–11–2–12 clearly mandates a twenty (20) year statute of limitations for execution of a money judgment." *Id.* at 14. Rex Metal responded that its proceedings supplemental was filed on January 20, 2004, well within a twenty-year period beginning on December 14, 2002. Further, Rex Metal maintained that the presumption that a judgment is satisfied after a period of twenty years is rebuttable.

On June 1, 2004, Lewis filed a "Motion to Invalidate Execution of Judgment and to Rescind Garnishment Order." *Id.* at 18. Rex Metal responded. On June 28, 2004, the court denied Lewis's motion to dismiss the proceedings supplemental. The court continued the motion for proceedings supplemental indefinitely. *See id.* at 25.

On July 27, 2004, Lewis filed a notice of appeal of the order denying his motion to dismiss. A panel of this court dismissed Lewis's appeal without prejudice, explaining:

(1) A proceeding supplemental involves the right of the appellee to levy on the property of the judgment defendant. *See McClure Oil Corp. v. Whiteford Truck Lines,* 627 N.E.2d 1323, 1325 (Ind.Ct.App.1994).

(2) This issue has yet to be decided by the trial court.

(3) The trial court's denial of Appellant's motion to dismiss the proceeding supplemental simply had the effect of allowing Appellee's proceeding supplemental to move forward. The denial of the motion to dismiss did not dispose of any issues between the parties to the action.

(4) As no final, appealable order has been issued in this cause, this Court is without jurisdiction to entertain this appeal.

*Id.* at 26.

On December 7, 2004, Lewis filed a "Motion for a Court Order and Judgment on Defendant's Open and Pending Motion Filed June 1, 2004." *Id.* at 27. Two days later, the court issued an order denying Lewis's "Motion to Invalidate Execution of Judgment and to Rescind Garnishment Order." *Id.* at 29.

### Discussion and Decision

■ At the outset, we note: "Indiana law is well settled that a litigant who chooses to proceed *pro se* will be held to the same established rules of procedure as trained legal counsel." *Diaz v. Carpenter,* 650 N.E.2d 688, 691 (Ind.Ct.App.1995). Thus, we must hold Lewis to the same standards as an attorney. We further note that Rex Metal has elected not to submit an appellee's brief. When an appellee does not submit a brief, an appellant may prevail by making a prima facie case of error, a less stringent standard. *Town and Country Ford, Inc. v. Busch,* 709 N.E.2d 1030, 1032 (Ind.Ct.App.1999). Prima facie, in this context, is defined as "at first sight, on first appearance, or on the face of it." *Id.* "The prima facie error rule protects this court and relieves it from the burden of controverting arguments advanced for reversal, a duty which properly remains with counsel for the appellee." *Id.*

### I. Twenty-year Time Period

Lewis contends that the trial court erred by "granting Rex Metal's order of garnish-

ment" and "by its denial of Lewis's motion to invalidate execution of judgment, which is barred by the statute of limitations." Appellant's Br. at 3. Specifically, he notes that the January 20, 2004 motion for proceedings supplemental, which he terms a "motion for execution" of a 1982 money judgment, should have been barred by the twenty-year statute of limitation found in Indiana Code Section 34–11–2–12.[4] For support, he cites *Arend v. Etsler*, 737 N.E.2d 1173 (Ind.Ct.App.2000).

■ We first observe that there seems to be some confusion regarding execution and the equitable remedy[5] of proceedings supplemental. Proceedings supplemental to execution are enforced by verified motion alleging that "the plaintiff owns the described judgment against the defendant" and that the "plaintiff has no cause to believe that levy of execution against the defendant will satisfy the judgment[.]" Ind. Trial Rule 69(E); *see also* Ind.Code §§ 34–55–8–1 through –9. The only issue presented in proceedings supplemental is that of affording the judgment-creditor relief to which she is entitled under the terms of the judgment. *Nat'l Mut. Ins. Co. v. Sparks*, 647 N.E.2d 375, 376–77 (Ind. Ct.App.1995), *trans. denied*.

■ Proceedings supplemental are a continuation of the underlying claim on the merits—not an independent action. *Koors v. Great Southwest Fire Ins. Co.*, 538 N.E.2d 259, 260 (Ind.Ct.App.1989). As such, proceedings supplemental are initiated under the same cause number in the same court that entered judgment against the defendant. *Kirk v. Monroe County Tire*, 585 N.E.2d 1366, 1368 (Ind.Ct.App. 1992). The validity of the underlying judgment has already been determined; thus, proceedings supplemental may prog-

ress without a showing that execution has commenced or would be unavailing. *Arend*, 737 N.E.2d at 1175 (citing *Borgman*, 681 N.E.2d at 217).

■ The proceedings are a nullity absent a valid judgment. *Washburn v. Tippecanoe Office of Family and Children*, 726 N.E.2d 361, 363 (Ind.Ct.App. 2000). Thus, a reversal of the underlying judgment nullifies the proceeding supplemental. *Evansville Garage Builders v. Shrode*, 720 N.E.2d 1273, 1278 (Ind.Ct. App.1999), *trans. denied*. Even though proceedings supplemental are an extension of the underlying action, the parties cannot during their course collaterally attack the underlying judgment. *De Later v. Hudak*, 399 N.E.2d 832 (Ind.Ct.App.1980).

■ At a proceeding supplemental, it is the duty of the judgment debtor to pay the judgment or come forward with property so that execution may proceed. Generally, three types of relief are available to a judgment creditor through a proceeding supplemental: 1) the judgment debtor is required to appear before the trial court and be examined as to available property; 2) the judgment debtor is required to apply particular property to the satisfaction of the judgment; and 3) a third-party garnishee is joined as a party and is required to answer as to non-exempt property held by the garnishee for the debtor or an obligation owing from the third party to the debtor. *See* HARVEY, 4A IND. PRACTICE 18–23 (2003). Property subject to proceedings supplemental includes both real and personal property. *Arend*, 737 N.E.2d at 1176.

It has been stated that Indiana Code Section 34–11–2–12, entitled, "Satisfaction of Judgment After Expiration of Twenty

---

4. Formerly Ind.Code § 34–1–2–14 and section 307, Burns 1914.

5. *See Borgman v. Aikens*, 681 N.E.2d 213, 219 (Ind.Ct.App.1997), *trans. denied*.

Years," is applicable to money judgments. *See id; see also Needham v. Suess,* 577 N.E.2d 965, 967 (Ind.Ct.App.1991) (noting how the time frame for a *judgment lien* is different than that of a *judgment* ). According to Indiana Code Section 34–11–2–12, "Every judgment and decree of any court of record of the United States, of Indiana, or of any other state shall be considered satisfied after the expiration of twenty (20) years." Despite being listed in a chapter entitled, "Specific Statutes of Limitation," this section seems unlike a standard statute of limitations. *But see Arend,* 737 N.E.2d at 1176 (referring to Ind.Code § 34–11–2–12 as a statute of limitations). Indeed, Indiana Code Section 34–11–2–12 does not contain the same language as the other sections within the same chapter. *Cf.* Ind.Code §§ 34–11–2–1, –2 (employment actions "must be brought within" two years); Ind.Code § 34–11–2–3 (professional service related actions may not be brought unless within two years); Ind.Code § 34–11–2–4 (injury or forfeiture of penalty actions "must be commenced within" two years); Ind.Code § 34–11–2–5 (real property recovery actions "must be commenced within" five years); Ind.Code § 34–11–2–6 (actions against public officers "must be commenced within" five years); Ind.Code § 34–11–2–7 (actions on, *inter alia,* accounts and contracts not in writing "must be commenced within" six years); Ind. Code § 34–11–2–8 (real property execution actions "must be commenced within" six or ten years); Ind.Code § 34–11–2–9 (action on promissory notes, bills of exchange, etc., "must be commenced within" six or ten years); Ind.Code § 34–11–2–10 (action

to enforce child support obligation "must be commenced" not later than ten years after eighteenth birthday or emancipation); Ind.Code § 34–11–2–11 (action upon written contracts other than those for payment of money "must be commenced within" ten or twenty years).

Long ago, it was explained that Indiana Code Section 34–11–2–12 (then known as section 307, Burns 1914)

> is not in any sense a limitation on the life of a judgment. It is merely a legislative declaration of a rule of evidence. A judgment less than 20 years of age is of itself prima facie proof of a valid and subsisting claim but under this rule *a judgment more than 20 years of age stands discredited, the lapse of that period of time being prima facie proof of payment.* But in either case *the presumption is rebuttable. Reddington v. Julian,* 2 Ind. 224 [ (1850) ]; *Barker v. Adams,* 4 Ind. 574 [ (1853) ]; *Bright v. Sexton,* 18 Ind. 186 [ (1862) ].

*Odell v. Green,* 121 N.E. 304, 307, 72 Ind. App. 65, 75 (1918) (emphases added). Stated even more strongly, "[w]e find nothing in our statutes indicating an intention to utterly destroy judgments after the lapse of 20 years." *Odell v. Green,* 122 N.E. 791, 791, 72 Ind.App. 65, 77 (Ind.App. 2 Div.1919) (opinion on rehearing).[6]

 To avail oneself of the presumption of satisfaction of a judgment upon the passage of twenty years, a party "must plead payment." *Odell,* 121 N.E. at 307, 72 Ind.App. at 78 (again, referring to section 307, now section Ind.Code § 34–11–2–12). Although in the proceedings below Lewis raised Indiana Code Section 34–

---

**6.** Indeed, the *Odell* opinion on rehearing went so far as to state: "we are not aware that the Legislature has [the] power to decide and declare arbitrarily that a judgment has been paid when in truth it has not been paid." 122 N.E. at 792, 72 Ind.App. at 79. On rehearing, the *Odell* court also clarified that the statement within *Brown v. Wuskoff,* 118 Ind. 569, 19 N.E. 463, "to the effect that a judgment cannot be enforced after 20 years is not a judicial decision on that point, and is not binding on this court." *Id.*

11–2–12, at no time did he plead payment. Moreover, in its verified motion for proceedings supplemental, Rex Metal stated that it "own[ed] a judgment obtained in this court against [Lewis] on December 14, 1982, for the sum of $511,245.55, and costs" and that it had "no cause to believe that execution against the judgment defendant will satisfy the judgment." Appellant's App. at 7. Rex Metal further stated that it believed that Lewis "has wages, assets, income, profits, or other non-exempt property which can be applied," along with additional resources from the garnishee defendants, to the satisfaction of the judgment. *Id.* Rex Metal's assertion of nonpayment, coupled with Lewis's failure to plead payment, overcomes the presumption of Indiana Code Section 34–11–2–12 that the judgment has been satisfied after the expiration of twenty years.

## II. *Leave of Court and Notification*

██ Lewis next argues, "Rex Metal did not request or was not granted leave of Court to obtain an execution of judgment, nor did they give notice to Lewis of this execution of judgment[.]" Appellant's Br. at 6. He contends that the garnishment order was filed after he left court on May 18, 2004 and that he did not receive notice of the order until his bank sent him a letter.

██ Again, we look to the rule entitled, "Proceedings supplemental to execution:

Notwithstanding any other statute to the contrary, proceedings supplemental to execution may be enforced by verified motion or with affidavits in the court where the judgment is rendered alleging generally:

(1) that the plaintiff owns the described judgment against the defendant;

(2) that the plaintiff has no cause to believe that levy of execution against the defendant will satisfy the judgment;

(3) that the defendant be ordered to appear before the court to answer as to his non-exempt property subject to execution or proceedings supplemental to execution or to apply any such specified or unspecified property towards satisfaction of the judgment; and,

(4) if any person is named as garnishee, that garnishee has or will have specified or unspecified nonexempt property of, or an obligation owing to the judgment debtor subject to execution or proceedings supplemental to execution, and that the garnishee be ordered to appear and answer concerning the same or answer interrogatories submitted with the motion.

*If the court determines that the motion meets the foregoing requirements it shall, ex parte and without notice, order the judgment debtor, other named parties defendant and the garnishee to appear for a hearing thereon or to answer the interrogatories attached to the motion, or both.*

*The motion, along with the court's order stating the time for the appearance and hearing or the time for the answer to interrogatories submitted with the motion, shall be served upon the judgment debtor as provided in Rule 5, and other parties and the garnishee shall be entitled to service of process as provided in Rule 4.* The date fixed for appearance and hearing or answer to interrogatories shall be not less than twenty [20] days after service. *No further pleadings shall be required, and the case shall be heard and determined and property ordered applied towards the judgment in accordance with statutes allowing proceedings supplementary to execution.* In aid of the judgment or

execution, the judgment creditor or his successor in interest of record and the judgment debtor may utilize the discovery provisions of these rules in the manner provided in these rules for discovery or as provided under the laws allowing proceedings supplemental."

Trial Rule 69(E) (emphases added). A trial court is vested with broad discretion in conducting proceedings supplemental. *Gallant Ins. Co. v. Oswalt,* 762 N.E.2d 1254, 1257 (Ind.Ct.App.2002), *trans. denied.* Proceedings supplemental, as provided for in Indiana Trial Rule 69, are summary in nature because the claim has already been determined to be a justly owed debt reduced to judgment. *Id.* Likewise, a judgment debtor in proceedings supplemental is not afforded all the due process protections ordinarily afforded to civil defendants because the claim has been determined to be justly owed debt and reduced to judgment. *Nat'l Mut. Ins.,* 647 N.E.2d at 377.

From what we can tell, the court determined that Rex Metal's motion met the requirements of Trial Rule 69(E). Our review of the chronological case summary ("CCS") indicates that Lewis received notice of the motion and was ordered to appear on the matter. Further, interrogatories were served and answered. Notice of garnishment proceedings, hearing, and interrogatories was served on April 21, 2004. The CCS contains two entries for May 18, 2004, which state:

HEARING HELD PLAINTIFF BY COUNSEL. DEFENDANT IN PERSON. GARNISHMENT DEFENDANT IN PERSON. GARNISHEE DEFENDANT TO PRODUCE W–2 FOR LAST 2 YEARS FOR DEFENDANT WITHIN 14 DAYS TO APPROVE AND ORDER ON BANK ACCOUNT. DEFENDANT'S MOTION TO DISMISS PRO. SUPP. DIARIED 2

WEEKS FOR RESPONSE. DEFENDANT TO FILE MOTION FOR REGULAR JUDGE TO HEAR AND RULE ON MOTION.
FINAL ORDER OF GARNISHMENT FILED IN THE AMOUNT OF $1,333,794.84, INTERESTS, COST. PLUS.

Appellant's App. at 3. The next entry, dated May 24, 2004, states: GARNISHMENT SERVED BY CERTIFIED MAIL SERVICE ON 05/24/04 AT 11:59 P.M. *Id.* Hence, it appears that Trial Rule 69(E) was followed and that the case was "heard and determined and property ordered applied towards the judgment in accordance with statutes allowing proceedings supplementary to execution." Lewis has not demonstrated otherwise. Moreover, we have stated that garnishment is not a new adjudication that the debtors be deprived of their property but merely a procedural process for the enforcement of the original adjudication. *Citizens Nat'l Bank of Grant County v. Harvey,* 167 Ind.App. 582, 591, 339 N.E.2d 604, 610 (1976) (concluding that lack of notice to debtors of garnishment proceedings did not render garnishment orders void as violative of due process rights to notice and opportunity for hearing).

■ To the extent that Lewis relies upon Indiana Code Section 34–55–1–2, we note that Rex Metal need not have met the requirements for this section as it is inapplicable to proceedings supplemental. Pursuant to this section, entitled, "Issuance after lapse of ten years,"

(a) After the lapse of ten (10) years after:
(1) the entry of judgment; or
(2) issuing of an execution;
*an execution can be issued only on leave of court,* upon motion, after ten (10) days personal notice to the adverse party, unless the adverse party

is absent or a nonresident, or cannot be found.

(b) When an execution is issued on leave of court under subsection (a), service of notice may be made by publication, as in an original action, or in a manner as the court directs. Leave shall not be given unless it is established by the oath of the party or other satisfactory proof that the judgment or part of the judgment remains unsatisfied and due.

Ind.Code § 34–55–1–2 (emphasis added).

Because proceedings supplemental are a *continuation* of the original action, rather than an "action" on a judgment of a court of record, they are not subject to the ten-year statute of limitations within Indiana Code Section 34–11–2–11.[7] *Myers v. Hoover*, 157 Ind.App. 310, 315, 300 N.E.2d 110, 113 (1973) (noting that former Indiana Code Section 34–1–2–2's ten-year statute of limitations "may not be raised as a defense" to proceedings supplemental); *Borgman*, 681 N.E.2d at 220; *see also Hinds v. McNair*, 235 Ind. 34, 129 N.E.2d 553 (1955).[8] Thus, Rex Metal, having filed proceedings supplemental, need not have obtained leave via Indiana Code Section 34–55–1–2 for an action beyond ten years.

██ Even if viewed as an execution of the judgment, Rex Metal's proceedings supplemental would not be barred because Lewis does not challenge the renewals or extensions of the underlying judgment. *See* Appellant's App. at 14 (Supplement of Points of Fact to Defendant's Motion to Dismiss and Sworn Statement of Residence: "The renewals or extensions of the judgment period is NOT the issue. The ONLY issue in the Defendant's Motion to Dismiss, is the EXECUTION of the judgment."). Pursuant to the most recent renewal, the judgment does not expire until December 14, 2012. Accordingly, the proceedings supplemental, as a continuation of the original action, would be permitted at least[9] through December 14, 2012.

Affirmed.

DARDEN, J., concurs.

MATHIAS, J., concurs with opinion.

MATHIAS, Judge, concurring.

The majority opinion provides an excellent discussion of the somewhat arcane

---

7. Formerly Ind.Code § 34–1–2–2. Indiana Code § 34–11–2–11 provides: "An action upon . . . judgments of courts of record . . . must be commenced within ten (10) years after the cause of action accrues."

8. Fifty years ago, our supreme court had the following to say regarding statutes of limitation, proceedings supplemental, liens of judgment, and liens of execution:

It is true that a lien of a judgment expires in ten years and the lien of execution expires on its return date, but we are not concerned here with the liens of judgments and executions. Proceedings supplemental are brought solely for the purpose of subjecting property allegedly belonging to a judgment debtor to the satisfaction of the judgment debt, not to a lien. An outstanding execution is a condition precedent to the filing of a proceeding supplemental under the stat-

ute, but we find no valid reason for holding that the action dies unless it is fully and finally disposed of before the return date of the execution or the expiration of the judgment lien. *Yeager v. Wright*, 1887, 112 Ind. 230, 13 N.E. 707.

Such a rule would put it in the power of any defendant to defeat the basic purpose of proceedings supplemental by delaying tactics. We hold, therefore, that the expiration of the judgment lien or the lien of the execution pending the proceedings supplemental does not terminate such proceedings and make them ineffectual.

*Hinds*, 235 Ind. at 40, 129 N.E.2d at 558 (1955).

9. *Hinds*, 129 N.E.2d at 558 (holding that the expiration of the judgment lien or the lien of the execution pending the proceedings supplemental does not terminate such proceedings and make them ineffectual).

legal history that is the background for the collection of civil judgments [10] under Indiana law, and I fully concur in the majority opinion. Several points bear elaboration, however.

First, there are two important statutory time periods affecting judgments that are not renewed pursuant to Indiana Code section 34–11–2–11,[11] the ten-year judgment lien period and the twenty-year life of judgment period. *See* Ind.Code § 34–55–1–2 (1999); 34–55–8–1 (1999). Each is important in its own way.

When a judgment requires the payment of money or delivery of real or personal property, the judgment may be enforced by execution [12] as provided by Indiana Code chapter 34–55–1. Ind.Code § 34–55–1–1 (1999); *see also Bahre v. Bahre*, 248 Ind. 656, 661, 230 N.E.2d 411, 415 (1967). When execution of judgment requires the performance of an act, a certified copy of the judgment may be served upon the party against whom the judgment is given or the person who is required by law to obey the judgment. *Id.*

An execution must (1) issue in the name of the state, (2) be directed to the sheriff of the county, (3) be sealed with the seal of the court, and (4) be attested by the clerk of the court. Ind.Code § 34–55–1–5 (1999). An execution must also intelligibly refer to the judgment, stating (1) the court where and the time when rendered, (2) the names of the parties, (3) the amount of the judgment, and (4) the amount actually due on the judgment. Ind.Code § 34–55–1–6 (1999).

If an execution against the property of the judgment debtor is returned unsatisfied, or upon verified motion, a party may initiate a proceeding supplemental. Ind. Code § 34–55–8–1; *see also* Ind. Trial Rule 69(E) (2005). A proceeding supplemental is a continuation of the underlying claim, filed in the same court where the judgment was entered, under the same cause number, and serves to enforce a judgment. *Keaton v. Ft. Wayne Neurosurgery*, 780 N.E.2d 1183, 1185 (Ind.Ct. App.2003); *Gallant Ins. Co. v. Wilkerson*, 720 N.E.2d 1223, 1229 (Ind.Ct.App.1999). An Indiana court may only enforce a judgment from a foreign court through proceedings supplemental if the interested party domesticates the judgment first.

Throughout the ten-year period following judgment, a judgment lien attaches to the debtor's real estate located in the county where the judgment was entered or is later filed. Ind.Code § 34–55–9–2 (1999); *Arend v. Etsler*, 737 N.E.2d 1173, 1175 (Ind.Ct.App.2000) (the property subject to a judgment lien is linked to the real properly in the county where the judgment has been entered and indexed by the trial court); *Muniz v. U.S.*, 129 Ind.App. 433, 441, 155 N.E.2d 140, 143 (1958) (in order to create a lien upon real estate, it is only necessary to enter and index the judgment in the county where the real estate is located). The purpose of the judgment lien is to protect subsequent purchasers of the encumbered property. *Borgman v. Aikens*, 681 N.E.2d 213, 218 (Ind.Ct.App. 1997), *trans. denied.*

---

**10.** A judgment is a debt of record, created by decree of a court, upon which an action may be maintained. *Dock v. Tuchman*, 497 N.E.2d 945, 946 (Ind.Ct.App.1986), *trans. denied; Town of New Chicago v. First State Bank of Hobart*, 90 Ind.App. 643, 644, 169 N.E. 56, 57 (1929).

**11.** Ind.Code § 34–11–2–11 (1999)

**12.** One may execute judgment against the property of the judgment debtor, person of the judgment debtor, or for the delivery of the possession of real or personal property. Ind. Code § 34–55–1–3 (1999).

During the eleventh through twentieth years after judgment, no lien exists as to the debtor's real estate. Ind.Code § 34–55–9–2(2); *Borgman*, 681 N.E.2d at 219. However, with the permission of the court, execution against real estate may still issue, albeit without the benefit of a judgment lien. Ind.Code § 34–55–1–2; *Williams v. Lyddick*, 116 Ind.App. 206, 212, 62 N.E.2d 88, 89 (1945). Proceedings supplemental are also available to a judgment creditor during the second decade. Ind.Code § 34–55–8–1.

Because of the confusing complexity of execution and proceedings supplemental, and the added uncertainty caused by the two attendant decade-long time periods, most sophisticated judgment creditors "renew" their judgments shortly before the expiration of the first (and each successive) decade after judgment.[13] *See Hinds v. McNair*, 153 Ind.App. 473, 477, 287 N.E.2d 767, 769 (1972); *see also Willette v. Gifford*, 46 Ind.App. 185, 189, 92 N.E. 186, 187 (1910) (the subsequent renewal of that judgment kept it alive). Such renewal actions may take place *ad infinitum*. *Town of New Chicago v. First State Bank of Hobart*, 90 Ind.App. 643, 644, 169 N.E. 56, 57 (Ind.Ct.App.1929).

It is important to note that Lewis did not challenge Rex Metal's renewals of the underlying judgment. Op. at 821. Rex Metal's renewals were accomplished by way of motion practice under the cause number of the underlying action rather than by way of a separate cause of action. Appellant's App. pp. 5–6. I believe that renewal of judgment exists only as a separate action that must be filed as a new and separate cause of action on the original judgment. *See Stookey v. Lonay*, No. 03–2208, 104 Fed.Appx. 583, 584, 2004

U.S.App. LEXIS 13598 at *2 (7th Cir. June 29, 2004) (citing *Town of New Chicago*, 90 Ind.App. at 643, 169 N.E. at 57) (Indiana law considers a judgment to be a debt of record on which a "separate" action may be based.). There are many statutory and public policy reasons to "renew" judgments in this manner, but as Rex Metal's renewal process was not challenged, there is no need to consider them at this time.

Under the facts and circumstances of this case, Rex Metal needed no permission of the court to conduct proceedings supplemental.

---

**13.** A renewal complaint pleads the existing judgment, alleges liquidated, accrued interest, and seeks entry of a new judgment in the amount of the original judgment. *See* Ind. Code 34–55–1–6.