## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jul 10 2019, 8:39 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Lori S. James
Beaver & Beaver, P.C.
Rensselaer, Indiana

IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Robert M. Hofferth,<br>*Appellant-Petitioner,*<br><br>v.<br><br>Michelle M. Hofferth,<br>*Appellee-Respondent.* | July 10, 2019<br><br>Court of Appeals Case No.<br>18A-DR-2261<br><br>Appeal from the<br>Jasper Circuit Court<br><br>The Honorable<br>John D. Potter, Judge<br><br>Trial Court Cause No.<br>37C01-0503-DR-88 |

**Kirsch, Judge.**

[1]     During their marriage, Robert M. Hofferth ("Father") and Michelle M. Hofferth ("Mother") had three children. Their marriage was dissolved by agreement in August of 2006. On June 26, 2018, the trial court modified

Father's child support payment and ordered him to pay dental and post-secondary education expenses. On appeal, Father raises the following issues:

I. Whether the trial court abused its discretion in calculating child support because it failed to give credit for post-secondary education expenses that Father had already paid;

II. Whether the trial court abused its discretion in requiring Father to pay past dental expenses when no prior order required such payment; and

III. Whether the trial court committed clear error in requiring Father and Mother to pay post-secondary education expenses.

We affirm in part, reverse in part, and remand.

## Facts and Procedural History

Father and Mother were married in 1996. *Appellant's App. Vol. 2* at 24. They had three children, including Jordan M. Hofferth ("Jordan"), born November 22, 1998. *Id.* at 25. On March 29, 2005, Father filed a petition for dissolution. *Id.* at 8. The marriage was dissolved by agreement on August 24, 2006. *Id.* at 2, 22-29. Mother was awarded physical custody of the children. *Id.* at 25. The agreement required Father to pay $100.00 per week in child support. *Id.* at 26. The agreement also required Father to pay 75% of any uninsured dental expenses: "The children are presently on Medicaid; however, if they become ineligible for Medicaid, any uninsured hospital, medical, *dental*, optical and

prescriptive pharmaceutical expenses for said children shall be paid 75% by [Father] and 25% by [Mother]." *Id*. (emphasis added). The trial court accepted the agreement and incorporated the terms of the agreement into the Summary of Decree of Dissolution of Marriage. *Id*. at 22-23. Since the date of the dissolution, Father and Mother twice agreed to modify child support, once on January 8, 2014, setting Father's child support obligation at $210.00 per week, and once on October 31, 2016, setting Father's obligation at $146.00 per week. *Id*. at 45, 58.

[4]     On September 8, 2017, Mother filed a motion asking the trial court to order Father to pay post-secondary education expenses. *Appellant's App. Vol. 3* at 2-3. About seven weeks later, on October 30, 2017, Father filed a petition to modify child support and to emancipate Jordan, who would turn nineteen years old on November 22, 2017. *Id.* at 7.[1] On December 6, 2017, the trial court heard the motions and took them under advisement. *Id.* at 10. On March 8, 2018, the trial court ordered Father to (1) pay Mother $353.13 and $772.60 for past uninsured medical, optical, dental, and health expenses; (2) pay $3,366.32 per year for Jordan's post-secondary education expenses; and (3) reimburse Mother in the amount of $3,366.32 for Jordan's post-secondary expenses from the previous academic year. *Id.* at 11-12. The trial court also ordered Mother to pay $1,492.68 per year for Jordan's college education. *Id.* at 12.

---

[1] At a later hearing in 2018, Mother stipulated that Jordan should be emancipated effective November 22, 2017. *Tr.* at 4.

[5] Mother and Father filed motions to correct error, and Father also filed a motion to reconsider. *Id.* at 15, 17, 19. Mother alleged that the trial court erred in using only one child in calculating child support when there were, in fact, two minor children, and Father alleged, *inter alia*, that the trial court's order mistakenly directed Father to pay child support on three children, which was erroneous because Jordan was emancipated effective November 22, 2017. *Id.* at 15, 17. In his motion to reconsider, Father asked the trial court to order Jordan to pay for part of his college education. *Id.* at 19.

[6] The trial court heard the motions on June 4, 2018 and issued its ruling on June 26, 2018. The court reiterated many of the directives of the March 8, 2018 order. *Id.* at 27. The trial court ordered Father to (1) pay Mother $353.13 and $772.60 for past uninsured medical, optical, dental, and health expenses; (2) pay Mother $130.00 per week in child support, effective November 21, 2017, the day before Jordan was emancipated; (3) pay $3,366.32 annually for Jordan's college education; and (4) reimburse Mother $3,366.32 for Jordan's college expenses for the previous academic year (2017-18). *Id.* at 27-30. The trial court ordered Mother to pay $1,493.00 annually for Jordan's college expenses but allowed that Mother could "pay the same in the most financially feasible way, considering her sole income is Social Security Disability." *Id.* at 30.

[7] On July 26, 2018, Father filed another motion to correct error, alleging that the trial court's June 26, 2018 order was erroneous because it (1) included Jordan, whom the trial court had already emancipated, in the child support calculation, and (2) the trial court ordered Father to pay post-secondary education expenses

without giving a credit for such expenditures toward Father's child support obligation. *Id.* at 32-33. On August 13, 2018, the trial court denied the motion. *Id.* at 35. Father now appeals.

## Discussion and Decision

We initially note that Mother has not filed an appellee's brief, which allows Father to prevail on appeal if he shows prima facie error. *Lewis v. Rex Metal Craft, Inc.*, 831 N.E.2d 812, 816 (Ind. Ct. App. 2005). "Prima facie" means "at first sight, on first appearance, or on the face of it." *Id.*

## I.   Child Support Calculation

Father claims the trial court abused its discretion in ordering him to pay $130.00 per week in child support. Rulings concerning child support are committed to the trial court's discretion. *Eisenhut v. Eisenhut,* 994 N.E.2d 274, 275-76 (Ind. Ct. App. 2013). An abuse of discretion occurs if the trial court's ruling is clearly against the logic and effect of the facts and circumstances before the court, or if the court has misapplied the law. *Id.*

Father first argues that the trial court abused its discretion in setting child support at $130.00 per week because it simultaneously ordered him to pay post-secondary education expenses for Jordan without giving Father a credit toward his child support obligation for those expenses. Father is correct that the trial court's June 26, 2018 order required him to pay some of Jordan's college expenses. First, it ordered him to reimburse Mother in the amount of $3,366.32 for college expenses that Jordan incurred at Valparaiso University during the

2017-18 school year. *Appellant's App. Vol. 3* at 28. Second, it ordered Father to provide the same amount of funds per year for Jordan's remaining time at college. *Id.* However, with one possible exception, the trial court did not also order Father to pay child support for Jordan for the 2017-18 school year or for future school years. Father apparently believes that the trial court did, in fact, order him to pay both child support and post-secondary education expenses because the first page of the child support worksheet includes Jordan, who had already been emancipated. *Id.* at 24. However, even though Jordan is listed on the child support worksheet, the $130.00 per week in child support that the trial court ordered Father to pay is based on a calculation assuming there were only two minor children in need of child support. This is so because Father's weekly adjusted income is $654.00, and Mother's combined weekly adjusted income is $290.00, creating a combined weekly adjusted income of $944.00. *Id.* According to the Child Support Guideline Schedules, if the combined weekly adjusted income is $940.00, the total weekly child support obligation from both parents for *two* children is $218.00, which is the amount the trial court calculated on the child support worksheet. Ind. Child Support Guidelines, Schedules for Weekly Support Payments. The trial court then found that Father's weekly adjusted income is 69.28% of the combined weekly adjusted income and, applying that percentage, found that Father's basic child support obligation was $151.03 per week. *Appellant's App. Vol.* 3 at 24. After giving credit for Father's payment of the weekly health insurance premium ($11.99) and parenting time credit ($17.80), the trial court found that the recommended child support obligation for Father was $130.00, the same amount the trial

court ordered in its June 26, 2018 ruling. *Id*. at 27. Thus, the trial court did not order Father to simultaneously pay child support for all three children and post-secondary education expenses for Jordan, and Father was not entitled to a credit toward his child support obligation based on post-secondary expenses.

[11] However, while the record is unclear, it appears that Father may have paid both child support and post-secondary education expenses for Jordan from the beginning of the 2017-18 school year up to November 21, 2017, without receiving post-secondary education credit toward his child support obligation for Jordan. Accordingly, we remand this issue to the trial court and direct it to determine if Father did, in fact, pay both child support and post-secondary education expenses for Jordan during this period and, if so, whether Father should receive a credit toward his child support obligation.

## II. Dental and Orthodontic Expenses

[12] Father contends that the trial court abused its discretion in ordering him to pay for past dental and orthodontic expenses when there was no prior order requiring such payment. He points to the following provision in the trial court's June 26, 2018 order: "[Father] . . . owes to [Mother] the sums of $353.13 and $772.60 for uninsured medical, optical, *dental* and health expenses." *Appellant's App. Vol. 3* at 27 (emphasis added). We review Father's claim for an abuse of discretion. *Rohn v. Thuma*, 408 N.E.2d 578, 583 (Ind. Ct. App. 1980).

[13] Dental and orthodontic expenses are distinct from medical expenses under Indiana law. *Glick v. Lawmaster*, 648 N.E.2d 370, 374 (Ind. Ct. App. 1995).

Unless a support order explicitly states that dental and orthodontic expenses are included in medical expenses or are otherwise specified as something that the non-custodial parent must pay, the non-custodial parent is not obligated to pay dental and orthodontic expenses. *Id.*

[14] Here, the trial court did not abuse its discretion in ordering Father to pay past dental expenses. In the initial 2006 settlement agreement, Father explicitly agreed to pay 75% of uninsured dental expenses. He stated that if the children became ineligible for Medicaid, "any uninsured hospital, medical, *dental*, optical and prescriptive pharmaceutical expenses for said children shall be paid 75% by [Father] and 25% by [Mother]." *Appellant's App. Vol. 2* at 26 (emphasis added). The trial court incorporated the settlement agreement into the Summary of Decree of Dissolution of Marriage. *Id.* at 22-23. Ordering Father to pay past dental expenses was not an abuse of discretion.

## III.  College Expenses

[15] Finally, Father contends that the trial court committed clear error in requiring him to pay $3,366.32 per year for Jordan's college expenses and Mother to pay $1,492.68 per year for Jordan's college expenses.

[16] We apply the following standard of review:

> We review the trial court's apportionment of college expenses under a clearly erroneous standard. Therefore, we will affirm the trial court unless its order is clearly against the logic and effect of the facts and circumstances which were before the court. In determining whether the trial court's decision is clearly

erroneous, we consider only the evidence and reasonable inferences favorable to the judgment without reweighing evidence or judging witness credibility.

*Duncan v. Duncan*, 81 N.E.3d 219, 225 (Ind. Ct. App. 2017) (internal citations and quotations omitted).

Indiana Code section 31-16-6-2(a) provides the following as to payment of a child's college expenses:

> (a) The child support order or an educational support order may also include, where appropriate:
>
> (1) amounts for the child's education in elementary and secondary schools and at postsecondary educational institutions, taking into account:
>
> (A) the child's aptitude and ability;
>
> (B) the child's reasonable ability to contribute to educational expenses through:
>
> (i) work;
>
> (ii) obtaining loans; and
>
> (iii) obtaining other sources of financial aid reasonably available to the child and each parent; and
>
> (C) the ability of each parent to meet these expenses[.]

[18] Father argues that because Jordan is a 21st Century Scholar, all of his college education would have been covered if he had enrolled in a state university, but his scholarship does not cover all expenses because he enrolled in a private school, Valparaiso University, which is more expensive than a state university. *Tr.* at 4-5; *Appellant's App. Vol. 3* at 7. Thus, Father argues that the trial court should "have limited consideration of college expenses to the cost of state supported colleges[.]" *Appellant's Br.* at 12. Father also argues that Jordan should pay a portion of his college expenses because of Father's and Mother's limited salaries; Mother makes $15,900.00 per year, and Father makes $34,008.00 per year. *Appellant's App. Vol. 3* at 24.

[19] A court may order a parent to pay part or all of a child's extraordinary educational costs when appropriate. *In re Paternity of C.H.W.*, 892 N.E.2d 166, 171 (Ind. Ct. App. 2008), *trans. denied*. An educational support order must be fair, not confiscatory in amount and intended to provide a reasonable allowance for support, considering the property, income, and earning capacity of the non-custodial parent, and the station in life of the family. *Myers v. Myers (Phifer)*, 80 N.E.3d 932, 936 (Ind. Ct. App. 2017). It is within the discretion of the trial court to determine under all the circumstances what is just and equitable to the child and the noncustodial parent. *Id.* "The court may limit consideration of college expenses to the cost of state-supported colleges and universities or otherwise may require that the income level of the family and the achievement level of the child be sufficient to justify the expense of private school." Ind. Child Support Guideline 8, cmt. b.

[20]    Here, we find the trial court committed clear error in ordering Father and Mother to pay a portion of Jordan's college expenses. While Indiana Code section 31-16-6-2(a) allows a trial court to order a parent to pay post-secondary education expenses, "a parent is under no absolute legal duty to provide a college education for his children." *Claypool v. Claypool*, 712 N.E.2d 1104, 1109 (Ind. Ct. App. 1999), *trans. denied*. In deciding whether to order payment for post-secondary education expenses, a trial court must consider "the ability of each parent to meet those expenses." *See* Ind. Code § 31-16-6-2(a)(1)(c). Given that Father makes only $34,008.00 per year and that Mother makes only $15,900.00 per year (which comes from Social Security Disability income), we find that the trial court did not adequately consider the ability of either Father or Mother to contribute funds toward Jordan's college education. We also find that the trial court did not consider that most or all of Jordan's college expenses would have been covered if he had enrolled in a state university but that he substantially increased his college expenses by enrolling in Valparaiso University, a private institution. Thus, we vacate the trial court's order requiring that both Father and Mother help pay for Jordan's education at Valparaiso University.

[21]    Affirmed in part, reversed in part, and remanded.

Vaidik, C.J., and Altice, J., concur.