

IN THE

# Court of Appeals of Indiana

Autovest, L.L.C.,

*Appellant-Plaintiff*

v.

Julie Abner,

*Appellee-Defendant*



FILED

Oct 25 2024, 10:10 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

October 25, 2024

Court of Appeals Case No.
24A-CC-1113

Appeal from the Marion Superior Court

The Honorable Christina R. Klineman, Judge

The Honorable Ian L. Stewart, Magistrate

Trial Court Cause No.
49D01-2312-CC-50186

**Opinion by Judge Mathias**

Judges Brown and Kenworthy concur.

**Mathias, Judge.**

Autovest, L.L.C. appeals the trial court's dismissal of its complaint to renew a judgment. According to the trial court, a prior judgment may be enforced only through proceedings supplemental under the original cause number. The trial court's judgment is erroneous as a matter of law, and we therefore reverse the court's dismissal of Autovest's renewal complaint.

## Facts and Procedural History

On December 28, 2023, Autovest filed its renewal complaint against Julie Abner. According to Autovest's renewal complaint, on January 2, 2014, the Marion Superior Court entered a judgment for Autovest and against Abner in the principal amount of $13,395.43. As Abner had yet to pay the amount due, Autovest's renewal complaint sought to renew the January 2014 judgment and to collect that amount plus interest. The practical effect, however, of Autovest's renewal complaint was to obtain a new ten-year judgment lien against Abner's property.

The trial court *sua sponte* dismissed Autovest's complaint under Indiana Trial Rule 12(B)(8), which allows a defendant to assert as an affirmative defense that the instant action is pending in another Indiana court. According to the trial court, "the proper way to renew a judgment is to file a motion to renew in the

original court . . . rather than in a new cause of action." Appellant's App. Vol. 2, p. 5.

[4] This appeal ensued.

## Standard of Review

[5] The trial court dismissed Autovest's complaint to renew its judgment pursuant to Trial Rule 12(B)(8).[1] We review the dismissal of a complaint de novo. *E.g.*, *Residences at Ivey Quad Unit Owners Ass'n, Inc. v. Ivy Quad Dev., LLC*, 179 N.E.3d 977, 981 (Ind. 2022). We also note that Abner has not filed an appellee's brief; thus, we may reverse the trial court's judgment upon Autovest's showing of prima facie error. *E.g.*, *In re Adoption of E.B.*, 163 N.E.3d 931, 935 (Ind. Ct. App. 2021).

## Discussion and Decision

[6] On appeal, Autovest asserts that the trial court erred when it *sua sponte* dismissed Autovest's renewal complaint. We agree.

[7] As we have made clear:

> Because of the confusing complexity of execution and proceedings supplemental, and the added uncertainty caused by . . . attendant decade-long time periods, most sophisticated

---

[1] Procedurally, the trial court's *sua sponte* dismissal of a complaint under Trial Rule 12(B)(8) is problematic. That Rule provides a defendant with an affirmative defense, and, if not timely raised by a defendant, the defense is waived. T.R. 12(B)(H)(1). However, we need not decide this appeal on procedural grounds, and instead we proceed to the merits of Autovest's argument.

judgment creditors "renew" their judgments shortly before the expiration of the first (and each successive) decade after judgment. Such renewal actions may take place ad infinitum.

*Converging Capital, LLC v. Steglich*, 234 N.E.3d 902, 905 (Ind. Ct. App. 2024) (quoting *Lewis v. Rex Metal Craft, Inc.*, 831 N.E.2d 812, 822-23 (Ind. Ct. App. 2005) (Mathias, J., concurring)) (emphasis removed). "To renew a judgment, before the end of the first ten-year . . . period[,] the judgment creditor *files a new case alleging that it owns the judgment at issue*." *Id.* at 905 n.2 (emphasis added). Such a complaint enables the judgment creditor to obtain a new judgment against the debtor and, thus, a new judgment lien on the debtor's property. *Id.*

[8] Accordingly, Autovest acted not only within its rights but prudently by filing its December 2023 renewal complaint against Abner under a new cause number. The trial court therefore erred as a matter of law when it dismissed Autovest's renewal complaint, and we reverse the trial court's judgment accordingly.

[9] Reversed.

Brown, J., and Kenworthy, J., concur.

ATTORNEY FOR APPELLANT

Brad A. Council
Slovin & Associates Co., LPA
Cincinnati, Ohio