


FILED
Mar 26 2025, 9:01 am
CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

# IN THE
# Court of Appeals of Indiana

Autovest, LLC,

*Appellant-Plaintiff*

v.

John Bach,

*Appellee-Defendant*

---

March 26, 2025

Court of Appeals Case No.
24A-CC-2070

Appeal from the Lake Superior Court

The Honorable Shaun T. Olsen, Magistrate

Trial Court Cause No.
45D03-2401-CC-893

---

**Opinion by Judge Scheele**
Judges May and Weissmann concur.

**Scheele, Judge.**

## Case Summary

[1] The trial court sua sponte dismissed Autovest, LLC's complaint on the basis that Autovest failed to follow proper procedure for renewing a prior judgment. Autovest challenges this dismissal on appeal. Finding the trial court's judgment erroneous as a matter of law, we reverse and remand with instructions.

## Facts and Procedural History

[2] Autovest filed its complaint against John Bach on January 31, 2024 ("Renewal Complaint"), asserting the Lake Superior Court entered a judgment for Autovest and against Bach in the amount of $17,973.69 in March 2014 ("the March 2014 judgment"). Autovest sought to renew the March 2014 judgment and collect the outstanding amount due, plus interest. Autovest's Renewal Complaint effectively operated as a means for Autovest to obtain a new ten-year judgment lien against Bach's property.

[3] Bach never responded to the Renewal Complaint. On March 20, 2024, Autovest filed a motion for default judgment. The trial court held a hearing on the motion on July 19, 2024. Bach did not appear at the hearing.

[4] Later that day, the trial court denied Autovest's motion for default judgment and sua sponte dismissed the Renewal Complaint. The court reasoned that permitting a new and independent action to obtain a new judgment would expose Bach to "potential double liability for the same claim" and the court that issued the March 2014 judgment maintained "exclusive and continuing

jurisdiction . . . including the enforcement and execution of the same." Appellant's App. Vol. II p. 5.

On August 7, 2024, Autovest filed a motion to correct error. The following day, the trial court denied Autovest's motion, concluding Autovest "sought to impose an entirely new judgment" and Autovest failed to seek leave of the issuing court to execute on its March 2014 judgment. Appellant's App. Vol. II. pp. 8–9. Autovest now appeals.

## Discussion and Decision

Initially, we note that Bach has not filed an appellee's brief. "Where an appellee fails to file a brief, we do not undertake to develop arguments on that party's behalf; rather, we may reverse upon a prima facie showing of reversible error by the appellant." *Ayers v. Stowers*, 200 N.E.3d 480, 483 (Ind. Ct. App. 2022). "Prima facie error in this context means at first sight, on first appearance, or on the face of it." *Salyer v. Wash. Regular Baptist Church Cemetery*, 141 N.E.3d 384, 386 (Ind. 2020) (internal quotation marks omitted). "This 'prima facie error rule' relieves this Court from the burden of controverting arguments advanced for reversal, a duty which remains with the appellee." *Ayers*, 200 N.E.3d at 483. We review the dismissal of a complaint de novo. *E.g.*, *Residences at Ivy Quad Unit Owners Ass'n, Inc. v. Ivy Quad Dev., LLC,* 179 N.E.3d 977, 981 (Ind. 2022).

Autovest argues the trial court erred when it sua sponte dismissed Autovest's Renewal Complaint. We agree.

[8] Judgments for the recovery of money or costs constitute a lien upon real estate and chattel for ten years after rendition of the judgment. Ind. Code § 34-55-9-2 (1998). Regarding renewals of judgments:

> Because of the confusing complexity of execution and proceedings supplemental, and the added uncertainty caused by . . . attendant decade-long time periods, most sophisticated judgment creditors "renew" their judgment shortly before the expiration of the first (and each successive) decade after judgment. Such renewal actions may take place ad infinitum.

*Converging Capital, LLC v. Steglich*, 234 N.E.3d 902, 905 (Ind. Ct. App. 2024) (quoting *Lewis v. Rex Metal Craft, Inc.*, 831 N.E.2d 812, 822–23 (Ind. Ct. App. 2005) (Mathias, J., concurring)) (emphasis removed). "To renew a judgment, before the end of the first ten-year limitation period[,] the judgment creditor *files a new case alleging that it owns the judgment at issue*." *Converging Capital, LLC*, 234 N.E.3d at 905 n.2 (emphasis added). Such a complaint enables the judgment creditor to obtain a new judgment against the debtor, and, thus, a new judgment lien on the debtor's property. *Id*. After a lapse of ten years, an execution on a judgment can only be issued by leave of the court that issued the judgment. *Chitwood v. Guadagnoli*, 230 N.E.3d 932, 938 (Ind. Ct. App. 2024) (citing Ind. Code § 34-55-1-2 (1998)).

[9] Another panel of this Court recently issued an opinion in a separate but similar case where Autovest was also the appellant. In that case, the trial court held Autovest was required to renew its judgment with the court that entered the original judgment and dismissed Autovest's renewal complaint. *See Autovest,*

*L.L.C., v. Abner*, 245 N.E.3d 193, 194 (Ind. Ct. App. 2024). We reversed and held Autovest followed the proper procedure for renewing a judgment by timely filing a new case in which the creditor alleges it owns the judgment at issue. *Id.* at 195.

[10] Here, Autovest obtained an initial judgment against Bach on March 4, 2014. Autovest timely filed a renewal action on January 31, 2024. Autovest was not required to seek leave from the court that issued the March 2014 judgment before filing its renewal action. *See Chitwood*, 230 N.E.3d at 938 (citing I.C. § 34-55-1-2); *see e.g.*, *Abner*, 245 N.E.3d 193. Autovest followed the proper procedure. The trial court thus erred as a matter of law by dismissing the Renewal Complaint. We reverse the trial court's judgment and remand with instructions to reinstate Autovest's Renewal Complaint.

[11] Reversed and remanded with instructions.

May, J., and Weissmann, J., concur.

ATTORNEY FOR APPELLANT
Brad A. Council
Slovin & Associates Co., LPA
Cincinnati, Ohio